CASE 32—ACTION BY W. E. DAVIS AGAINST L. & N. R. R. CO. FOR PERSONAL INJURIES.—JANUARY 27.

# Louisville & N. R. R. Co. v. Davis.

APPEAL FROM EDMONSON CIRCUIT COURT.

JUDGMENT FO PLAINTIFF AND DEFENDANT APPEALS.   AFFIRMED.

RAILROAD—INJURY TO TRACK WALKER—PRIMA FACIE NEGLIGENCE— FELLOW SERVANTS—EXTENT OF INJURY—DAMAGES—QUESTION FOR JURY—BYSTANDERS TALKING IN HEARING OF JURY—NEW TRIAL.

Held:   1. A track walker in the employ of a railroad company, while standing beside the track as a train passed, was struck on the side, leg, and back by rocks thrown out from under the train by something dragging. There was evidence that shortly afterwards he was taken very sick, and for two or three weeks was out of his head; that there was a hard place in his back; that he passed pus and blood from his bladder; and that afterwards his capacity to labor was substantially destroyed, and his injuries probably permanent. There was also evidence that he did not regard his injuries as serious at first, and had no trouble until he had a violent attack of colic. HELD, that the extent of his injuries was for the jury, and their verdict for $3,000 was not excessive.

2. Where a track walker in the employ of a railroad company, standing beside the track while a train was passing, was injured by rocks thrown out from under the train, and it appeared by a groove in the ties and ballast that a rod was dragged under the engine or cars for a distance of two and one-fourth miles be-

Louisville & N. R. R. Co. v. Davis.

fore it dropped, scratching up the ballast and throwing the
rocks aside during all that distance, and was not discovered
by the trainmen, there was *prima facie* evidence of negligence.

3. A track walker on a railroad, injured by the negligence of the
men operating a train, was not precluded from recovery, since
they were in a distinct and separate service.

4. Where, in an action for personal injury, after the case was sub-
mitted to the jury, they were permitted by the court to sep-
arate, the fact that bystanders, not knowing that any of the
jury were present, made remarks about the case in presence of
two of the jury, is not sufficient to warrant a new trial.

JAMES A. MITCHELL AND EDWARD W. HINES, FOR APPELLANT.

## POINTS AND CITATIONS.

1. Plaintiff fails to make out his case if he shows merely
a state of facts which is quite as consistent with the theory
that ordinary care was used as with the theory that there was
a lack of such care. Wintuska v. L. & N. R. R. Co., 14 Rep.,
579; Hughes v. Cincinnati, &c. R. R. Co., 91 Ky., 526; Louis-
ville Gas Co. v. Kaufman Straus & Co., 20 R., 1069; L. & N.
R. R. Co. v. Wathen, 22'Rep., 82.

2. To make out a case against the master for failure to fur-
nish safe machinery, plaintiff must show not only that the
machinery was defective, but that the master knew, or might
by the exercise of ordinary care have known, that it was de-
fective. Quaid v. Cornwall, 13 Bush, 601; L. & N. R. R. Co.
v. Hinder, 16 Rep., 841; Bogenschutz v. Smith, 84 Ky., 330.
And in the case of foreign cars, the company is only bound to
make careful *superficial* inspection. 95 Ky., 199.

3. The maxim, *res ipsa loquitur* does not apply, but even if
it did apply it could go no further than to authorize the pre-
sumption that there was a defect, and there would still be not
a scintilla of evidence to show that the defect was of such a
character that it must have been discovered if defendant had
exercised proper care. Cleveland, &c. R. R. Co. v. Berry, 46
L. R. A., 56; Ketterman v. Dry Fork R. R. Co., 19 Am. &
Eng. R. R. Cases, 445; Pa. R. R. Co. v. Martin, 111 Fed.
Rep., 586.

4. Defendant was not bound to furnish appliances absolutely
safe, but was required merely to use reasonable care to pro-
vide such as were reasonably adequate and safe. Derby v.
Ky. Cent. R. R. Co., 9 Rep., 155.

5. As the train which it is admitted caused the injury, if
any train did so, was carefully inspected at Louisville before
it started on its journey and found to be in perfect condition,

the presumption of negligence, even if such a presumption could be indulged, was overcome. Ky. Cent. R. R. Co. v. Talbot, &c., 78 Ky., 621.

6. The court erred in instructing the jury in leaving them without any guide as to what constituted negligence in furnishing a defective car and in failing to tell them that before they could find for plaintiff, they must believe the defect, if any there was, was one which might have been discovered by the exercise of ordinary care. It was also error to · submit the question of negligence in the operation of the train when there was no attempt to show negligence in that respect.

7. A new trial should have been granted because of the misconduct of the sheriff in communicating with two of the jurors. Campbell v. Bannister, 79 Ky., 205; Nelms v. State, 13 Sm. & M.; Mattox v. United States, 146 U. S., 140.

8. The verdict should have been set aside as excessive.

B. F. PROCTER and GUY HERDMAN, for APPELLEE.

### SUMMARY AND AUTHORITIES CITED.

1. This verdict is not for $3,500 but for $3,000.

2. There are no material admissions in the pleadings.

3. The Wintuska case is not in point. Under the evidence the jury were confined to a dragging rod, and whether or not appellee was hurt thereby. And there is no proof that he could have been hurt otherwise. Trains do not throw rocks if properly equipped, and nothing but a dragging rod is shown to have been able to do such hurt. G. H. & S. A. Ry. Co. v. Buch, 65 S. W. R., 682; G. H. & N. Ry. Co. v. Newport, 65 S. W. R., 657; S. A., &c. Ry. Co. v. Lindsey, 65 S. W. R., 668; G. H. & S. A. Ry. Co. v. Parvin, 64 S. W. R., 1008; Gulf C. & S. F. Ry. Co. v. Wood, 63 S. W., 164; L & N. R. R. Co. v. McElwain, 11 R., 580.

4. Verdict not excessive. Cases cited under the foregoing section, and also N. N. & M. V. R. R. Co. v. Dentzel's Admr., 91 Ky., 42.

### ADDITIONAL POINTS AND AUTHORITIES.

1. Jury judges of facts. L. & N. R. R. Co. v. Harmon, 64 S. W. R., 640.

2. Instruction was properly refused. Court will not instruct as to burden of proof, and negligence may be presumed from facts proven. Ragsdale v. Ezell and Wife, 35 S. W., 629, 18 R., 146.

3. Wintuska and kindred cases have no bearing. The issue was squarely put whether or not appellee was hurt by brake rod

from passenger train No. 3. And there was no proof that he could have been hurt otherwise.

4. Statement of Johnson not prejudicial. Drake v. Drake, 52 S. W. R., 846.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellee, W. E. Davis, on December 22, 1900, was a track walker in the service of appellant on its section near Rocky Hill station. As he was going along the track in the discharge of his duty, he saw a train coming, and got to one side, as usual When the train was something like 200 yards, from him, he heard a rattling, and saw rocks throwing out. He then aimed to get further away, and as he turned around the rocks hit him in the side, on the leg, and up in the back before he had time to get away. The train was going south, running something like fifty miles an hour. The rocks were thrown out by a rod or something of that sort under the bottom of the train, which was dragging against the ballast and ties. Appellee had been south to the end of his section, and was returning. As he went down, there were no dents upon the ties or ballast, but from the point where he was struck, for something over a mile back, there were dents in the ties and in the ballast, evidently made by the object which threw the rocks out. These dents continued for a mile or more beyond the point where he was hurt, and at the point where they stopped an iron rod was found, six feet long or more, and nearly an inch in diameter. In some places it struck the cross-ties and at others it struck the ballast. It is shown by the proof that when anything gets down under a train it will throw out the ballast in this way. Appellee had seen it happen before, but not so bad as this. It is also shown by the proof that, although these dents upon the track continued for something over two miles, no one

on the train, so far as the proof shows, knew anything of the trouble, or took any steps to right it. The proof for the defendant shows that the cars of the train were inspected at Bowling Green, and were there found to be all right; also that they were inspected at Louisville before it left there, and was then found to be all right. As to the extent of appellee's injury, the proof is very conflicting, although there seems to be no doubt under all the evidence as to the fact of his being injured as above stated. The proof on his behalf shows that shortly afterwards he was taken very sick, and for two or three weeks was out of his head; that there was a hard place in his back, and he passed from his bladder a quantity of pus and blood; that after this his capacity to labor was substantially destroyed, and that his injury was probably permanent. The proof for the defendant shows that appellee did not regard his injury as serious at first, and that he had no trouble until he had a violent attack of colic. This, however, would not account for the pus and blood passed from his bladder, nor for other symptoms shown by the evidence. The extent of the injury was a question for the jury, and their verdict fixing the compensation for appellee therefor at $3,000 is not excessive, or palpably against the evidence, if he was entitled to recover.

It is earnestly maintained for appellant that no negligence on its part is shown, as all the facts established are as consistent with the hypothesis of unavoidable accident as that of negligence; and that, the burden being upon the plaintiff to show negligence, he has failed to make out his case. While it is true that the train might have picked up a rod or beam, and dragged it along the track, knocking out the rocks, without the knowledge of those in charge of the train, we are doubtful if they would be excusable for

not finding this out in two miles and a quarter; as the proof shows that, when anything gets loose, scattering the ballast under the car, some of the rock will hit the bottom of the car, and a noise is made, so that those running the train know of it when it occurs. Appellee was in no way connected with the running of the train. He was in his proper place, and in the discharge of his duty. He is not chargeable with the negligence of those in charge of the train, for they were in a separate and distinct service from him. It was the duty of appellant to exercise reasonable care in the operation of its trains for the protection of those in its service along its tracks, discharging the duties necessary in the maintenance of the track and the security of traffic. It could not, under this rule, allow its trains to run along, throwing out rocks from it, as this one did, endangering the life and limb to all within its reach. If a train is properly managed and properly run, no such danger is to be apprehended by those near the track; and, when anything so unusual occurs to such an extent as was shown here the thing itself is *prima facie* evidence of negligence. Thus, in the case of Railroad Co. v. Wood (Tex. Civ. App.), 63 S. W., 164, the plaintiff, a section hand, was struck by a block of coal thrown from a train which passed him, and it was held that he could recover. This case is stronger than that, for there only one lump of coal fell off while here the rocks were flying for something like two miles. The court said: "There are instances in which the circumstances surrounding an occurrence and giving a character to it are held, if unexplained, to indicate the antecedent or coincident existence of negligence as the efficient cause of the injury complained of. This phrase, which, literally translated, means that 'the thing speaks for itself,' is merely a short way of saying that

the circumstances attendant upon the accident are of themselves of such a character as to justify a jury in inferring negligence as the cause of that accident. There must be reasonable evidence of negligence. But when the thing is shown to be under the management of the defendant or its servants, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of an explanation by defendant, that the accident arose from want of care." In Barnowski v. Helson (Mich.), 50 N. W., 989, 15 L. R. A., 33, a roof, which was being raised by jackscrews, tipped and fell, and it was held that this created a presumption of negligence, and, in the absence of explanatory proof, was sufficient to sustain a recovery for the death therefrom of an employe. So, in Howser v. Railroad Co. (Md.), 30 Atl., 906, 27 L. R. A., 154, 45 Am. St. Rep., 332, the falling of a cross-tie from a railroad car, injuring a person walking over a footway running beside the roadbed, was held to create a presumption of negligence; and in this case a number of authorities are collected. It was the duty of the railroad company to exercise a reasonable care in providing appellee with a safe place to work, and to keep it safe. This obligation to him is not fairly to be distinguished from the case of a person walking on a way besides the roadbed, as in the case last cited, and seems to us to rest on the same principle. We therefore conclude that the court did not err in refusing the peremptory instruction asked by appellant at the conclusion of the plaintiff's evidence. While it might happen that, although proper care was exercised in the inspection of the train before it started, a rod might get down from some defect not discoverable by ordinary care, the evidence before us does not present this state of case. So far

as appears, there was no inspection of the engine or ten-
der.   At least, the proof shows no inspection of these, as
we understand it; and there was proof that rods such as
that referred to were in use under the engine and tender.
There was no effort to show that the train picked up the
rod as it ran along, and we do not well see that such a
thing was at all probable.   We think the proof fairly shows
that this train made the marks on the cross-ties and bal-
last, and that it was throwing out the rocks as it went
along.   The evidence for the defendant failed to account
for this, or to show the absence of negligence, and we,
therefore, conclude that the verdict is not so palpably
against the evidence as to justify us in disturbing it.   In
the case of Brooks v. Railroad Co. (decided at this term)
24 R., 1318, 71 S. W., 507, we held that a section hand who
was injured by reason of the breaking of the short lever,
which is underneath the body of a hand car connecting
the lever with the axle, could not recover merely on proof
that the lever broke.   That decision rests on the ground
that the master who furnishes tools to his servants for
them to use in their work is not an insurer of the tools,
and is not responsible for a defect, unless he might, by
ordinary care, have discovered it.   There was no proof in
that case that there was any defect in the short lever,
or that there was any neglect of the master in regard to it.
The hand car was furnished to the section men to use in
their work, and was run by them.   The principle upon
which that case rests has no application where the servant
receives an injury from the premises of the master being
unsafe by reason of matters beyond the sphere of his em-
ployment, and over which he has no control.

One of the grounds for new trial relates to a conversa-
tion had by some bystanders in the presence of two of the

jury after the case was submitted to them, while they were permitted to separate under the order of the court. But the proof shows that this occurred from the fact that the man who made the remark did not think at the time of any of the persons present being on the jury, and, in view of the statements of the jurors, we do not think that this was sufficient to warrant a new trial.

Judgment affirmed.

Judge Settle not sitting.

Petition for rehearing by appellant overruled.