## Cincinnati, New Orleans & Texas Pacific Railway Company, et al. v. Strunk's Administratrix.

(Decided December 14, 1915.)

### Appeal from McCreary Circuit Court.

1. Jury—Empaneling—Section 2261, Kentucky Statutes—Error—Waiver.—Trial courts are without authority to discharge a second jury panel after one week's service and empanel a new jury, and where a party objects to a trial by the new jury thus empaneled and moves to discharge the panel, a judgment based on a verdict rendered by such jury will. be reversed. A party does not waive his right to object to a trial by the new jury because of his failure to object to the discharge of the preceding panel.

2. Railroads—Duty to Track Repairer.—A railroad company owes to a track repairer the duty of exercising ordinary care to have its cars properly equipped and to operate them with reasonable safety.

3. Railroads—Track Repairer—Personal Injury—Peremptory Instruction.—In an action for damages for the death of a track repairer, evidence considered and held that the question whether or not the conductor, by the exercise of ordinary care consistent with the safety of the train,. could have stopped the train in time to avoid the injury, was for the jury.

4. Railroads—Personal Injury—Instruction.—In an action for damages for the death of a track repairer, resulting from the derailment of a car alleged to have been caused by a defective and dangerous brake-beam, the court should tell the jury that if they believe from the evidence that on the occasion in question the brake-beam on one of the cars in the train was in a defective and dangerous condition, and that this condition, if it was defective and dangerous, was known to the conductor, or could have been known to him by the exercise of ordinary care, it was the duty of the conductor to use ordinary care, with the means at his command, to stop the train as soon as it could reasonably be done consistently with the safety of the train, and if he failed to use such care and by reason thereof the decedent was struck and killed, they should find for the plaintiff; but, unless they so believe from the evidence, they should find for the defendant.

EDWARD COLSTON, JOHN GALVIN and TYE, SILER. & GATLIFF for appellants.

HARDING & .RAWLINGS and J. P. HOBSON & SON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-
MISSIONER—Reversing.

Ida Strunk, as administratrix of H. B. Strunk, de-
ceased, brought this action, under the Federal Employ-
ers' Liability Act, against defendants, Cincinnati, New
Orleans & Texas Pacific Railway Company and John
Thomas, to recover damages for his death. From a ver-
dict and judgment in favor of plaintiff for $750.00 de-
fendants appeal.

Briefly stated, the facts are these: Decedent was a
track repairer in the service of the railroad. It was his
duty to inspect a certain section of the track and see
that it was in order. For this purpose he was furnished
a velocipede. On the morning of April 27th, 1914, he
was engaged in inspecting the company's track at a
point a few hundred yards north of Wyborg, in Mc-
Creary county, and about a mile and a half north of Flat
Rock. After placing a bolt in the track, decedent learned
of the approach of a north-bound freight train, consisting
of about forty-five cars, en route from Oakdale, Tennes-
see, to Somerset, Kentucky. At the point where he was
at work there was a fill about thirty feet high. As the
train approached he got off the track and took a posi-
tion on the fill some ten or fifteen feet from the track.
As the train passed decedent it was wrecked and three
of the cars left the track. One of these cars struck de-
cedent and killed him. As the train was leaving Flat
Rock, one of defendant's signal foremen notified John
Thomas, the conductor, that a brake-beam was in bad
shape. At this time the train was running from fifteen
to thirty-five miles an hour. The conductor immediately
went to the angle-cock on the caboose. He could have set
the brakes and stopped the train. According to plain-
tiff's evidence, the train ran for almost a mile after the
conductor got the information, and then the brake-beam
caught in the ties and derailed the cars. There was also
evidence to the effect that the brake-beam had been drag-
ging along the track and the car itself had been off the
track for a considerable distance before the car reached
Strunk. According to the evidence for defendants, the
train was going up hill at the time the conductor received
notice of the condition of the brake-beam, and he delayed
applying the angle-cock for fear that a draw-head would
be pulled out and the train wrecked and some employes

injured. The conductor waited until the train got over the hill before applying the brakes. It was the duty of the conductor to have due regard for the safety of his train and the employes thereon in using the angle-cock. The conductor also testified that he had no reason to believe that Strunk would be on the fill where he was killed.

Defendants ask for a reversal on the following grounds: (1) Error in empaneling the jury; (2) failure to give a peremptory instruction; (3) error in the instructions.

(1) The trial court not only discharged the first regular jury panel after one week's service, but discharged the second panel after one week's service and empaneled a new jury for the third week. This case was tried by the third jury. Defendants moved to discharge the panel thus selected. The motion was overruled. The foregoing facts are certified to in the bill of exceptions. We have had occasion to consider this question in several cases and the conclusion was reached that trial courts were authorized to discharge only the first regular panel of a jury after they had served one week and empanel another jury, and were without authority to discharge a new jury thus empaneled after a week's service and empanel another jury for the succeeding week, and continue this practice for each week of the term. We further held that parties litigant are entitled to a trial by a jury empaneled according to the statute, and where the question was properly raised it was prejudicial error to refuse to discharge the jury where the method provided by the statute for empaneling a jury was substantially disregarded. L. & N. R. Co. & Curt Jones v. Owens, &c., 164 Ky., 557; L. & N. R. R. Co. v. Messer, 165 Ky., 506; L. & N. R. Co. v. King., 161 Ky., 324. We regard as without merit the contention that defendants waived their rights to object to a trial by the new panel because they failed to object to the discharge of the preceding panel. Not being required to be in court when the preceding panel was discharged, they were under no obligation to object, and their failure to do so did not constitute a waiver. Louisville Railway Company v. Wellington, 137 Ky., 719.

(2) Though the judgment must be reversed for the above reason, we deem it proper to determine whether or not the case is one calling for a peremptory. The point

is made that as the conductor had no reason to anticipate the presence of Strunk near the track he was not required to apply the brakes and jeopardize the safety of the employes on the train, of whose presence he knew, in order that he might avoid injury to another employe not on the train and of whose presence he did not know. In a case of this kind the liability of the master does not turn on whether or not the particular injury should have been anticipated, but on whether or not injury to some employe, having the right to be near the track, should have been anticipated. In this State a railroad company must take notice of the probable presence near the track of trackmen like the decedent, and other employes having the right to be on or near the track, and exercise ordinary care in the operation of its trains for their protection. Thus, in L. & N. R. R. Co. v. Davis, 115 Ky., 270, a track walker in the service of the railroad, while standing on the side of the track as a train passed him, was struck and injured by objects thrown out by the train by reason of some of the rods or beams being down. It was held that it was the duty of the railroad to exercise reasonable care in the operation of its trains for the protection of those in its service along its tracks, discharging the duties necessary in the maintenance of the track and the security of traffic. In the case of Railroad Company v. Wood (Texas), 63 S. W., 164, a section hand was struck by a block of coal thrown from a train which passed him. The company was held liable. The same rule was applied in the case of L. & N. Railroad Co. v. Clark, 106 S. W., 1184, where a brakeman was hit by a lump of coal thrown from a passing engine. In L. & N. R. R. Co. v. Simrall's Admr., 127 Ky., 55, an agent at a small station was struck and killed by a car door, which fell upon him from one of the cars as he was passing it to deliver a waybill to the conductor of a freight train then about to leave the station. The company was held liable. Here the decedent was a track repairer. The accident happened in the morning when it was his duty to inspect and repair the track. When a train approached it was, of course, his duty to get off the track and stand at a reasonably safe distance therefrom. This he did on the occasion in question. While in this position he was struck by a car, which was wrecked by a defective brake-beam. If an employe along the track has the right to recover for injuries caused by coal falling from the

train, or by a defective door, we see no reason why the same rule should not apply in the case of a wreck caused by a defective brake-beam. Being an employe of the company and having the right to be near the track, we conclude that the company owed him the duty of exercising ordinary care to have its cars properly equipped and to operate them with reasonable safety. There was abundant evidence to the effect that the conductor, after being informed of the condition of the brake-beam, failed to exercise ordinary care to stop the train. We see no merit in the contention that he was justified, as a matter of law, in not applying the brakes because he might thereby have endangered the safety of the train and the employes thereon. As a matter of fact, the safety of the train was already endangered by the defective brake-beam—perhaps much more so than if the conductor had used the angle-cock. At any rate, the question whether or not he, by the exercise of ordinary care consistent with the safety of the train, could have stopped the train in time to avoid the injury, was certainly for the jury.

(3) In view of the fact that another trial must be had, we deem it unnecessary to determine whether or not instruction No. 1 is so prejudicial as to authorize a reversal. It is sufficient to say that on another trial the court, in lieu of instruction No. 1, will tell the jury, in substance, that if they believe from the evidence that on the occasion in question the brake-beam on one of the cars in the train was in a defective and dangerous condition, and that this condition, if it was defective and dangerous, was known to the conductor, or could have been known to him by the exercise of ordinary care, it was the duty of the conductor to use ordinary care, with the means at his command, to stop the train as soon as it could reasonably be done consistently with the safety of the train, and if he failed to use such care, and by reason thereof the decedent was struck and killed, they should find for plaintiff; but unless they so believe they should find for defendant.

Judgment reversed and cause remanded for proceedings consistent with this opinion.