### John Druzille, Wood-Heck, et ux. v. Roll, et al.

(Decided January 31, 1919.)

### Appeal from Muhlenberg Circuit Court.

1. Attorney and Client—Contract for Services—Champerty and Maintenance.—A contract, for services, with an attorney under which costs are to be deducted from the proportion due the attorney is not champertous, but merely affects the quantum of fee. The residue, after deducting the costs and expenses, constitutes the fee payable under the contract.

2. Attorney and Client—Services—Settlement.—Under a valid contract between an attorney and client the fact that the client negotiates a settlement without consulting with the attorney does not deprive the attorney of his right to recover under the contract; the attorney having rendered considerable services and would have participated in the final settlement had he been requested so to do.

3. Trial—Submission to Court.—Where the facts of the case are undisputed and but one legitimate inference can be drawn therefrom the court, and not the jury, should determine their effect.

DOYLE WILLIS for appellants.

HERBERT O. MEREDITH for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Appellants (defendants) employed the appellee, R. M. Roll, an attorney, to represent them in the settlement of their rights in and to the estates of J. W. Wood, et al., and to do all things necessary to procure for the defendants the amount due them from said estates, and to attend to such litigation as might be necessary, authorizing said attorney to employ such additional counsel as he might desire, the fee of such additional counsel to be paid out of appellee's fee and the attorney was to pay any personal expenses incurred by counsel. The fee was to be an amount equal to one-third of the amount procured.

Following the signatures to this contract appears this statement: "This is to certify that I, D. M. Roll, agrees to pay the costs out of the third of the amount paid to said Roll for his services.   D. M. Roll, atty."

This contract was assigned to the firms of Robinson & Stillwell and Jonson, Wickliffe & Jonson, one-half each, the share of the former being subject to a certain credit.

Demurrer to the petition was filed and overruled, the defenses set up in the answer being, that the contract sued on was champertous, unfair, unjust and unconscionable, and was obtained through the false and fraudulent statements of R. M. Roll, as to the extent of work necessary, and also that Roll had failed to perform the services specified, and instead of $1,000.00 (being one-third of the amount received by appellants), the services of said Roll were not worth more than $250.00.

At the close of all the evidence, the court having peremptorily instructed the jury to find for the plaintiff, and judgment being entered accordingly, this appeal is prosecuted.   Appellants contend that the contract is champertous and that the court erred in giving the peremptory instruction.

1.   We do not think the agreement to pay costs rendered the contract champertous, because it was nothing more than fixing the attorney's fee at a sum equal to one-third of the amount recovered, less costs.   In other words, the appellants desired the sum coming to them to be net, and plaintiff's fee was not to exceed $1,000.00, but this amount might be reduced to the extent of any costs incurred.   As a matter of fact it appears that in the settlement appellants were not required to pay any costs.

Ramsey's Devisees v. Trent, 10 B. Mon. 336, is a case directly in point on this proposition.   In that case the attorneys were to have as their fee "one-fourth of the proceeds of the sale of said land when sold by them, out of which fourth the costs and expenses of the suit were to be deducted.   .   .   ." It was contended that this contract was champertous.   After referring to the case of Wilhite v. Roberts, 4 Dana 172, the court says: "The court was of opinion that this was not an agreement to give 'part or profit out of the thing in contest,' and there-

fore not champertous. And it was farther said, in that case, that the litigant might regulate his attorney's fee by the value of half of the value of the property in contest, as well as by the value of any other property.

"The material difference between the contract then before the court and that now under consideration consists in the fact that in the present case the attorneys are to wait for their fee until the employers sell the land. All else relates merely to the quantum of the fee. And although the amount of the expenses and costs is to be deducted from the one-fourth of the value of the land and the attorneys are to receive the residue only of the one-fourth thus diminished, this residue constitutes their whole fee. The expenses, &c., are not to come out of their fee, nor to be paid by them, nor to be postponed until the land is sold. But the employers have to pay the expenses and costs as in other cases, and after reimbursing themselves out of one-fourth of the value of the land when sold, the balance of the fourth is to be paid as a fee."

We do not think the court erred in overruling the demurrer to the petition.

2. W. C. Jonson, an attorney and one of the assignees of the contract testified at great length as to the services rendered by the attorneys in this case, and it is clear from this testimony, as well as the testimony of certain of the defendants' witnesses, that the attorneys did render considerable services under the contract.

It is in evidence that the first proposition of settlement was for $750.00; later this was raised to $3,000.00, and the settlement on this basis was agreed to without consulting the attorneys. As a matter of fact they had advised the appellants that in their judgment they should receive more, but the fact that settlement was made without the knowledge of the attorneys does not in any wise affect their rights to recover because, as said in Newport Rolling Mill Co. v. Hall, 147 Ky. 598: "It is also well established by the decisions that when an attorney makes a valid contract with his client, by which he is to be paid a contingent fee in an amount equal to a specified part of the recovery, and the defendant or person against whom the claim is asserted, with notice of the contract of the attorney, and without his consent settles with his client, that the attorney may recover from him the

amount of his contract fee." See Proctor Coal Co. v. Tye & Denham, 123 Ky. 381; L. & N. R. Co. v. Payton, &c., 20 R. 75.

The appellant, Joe D. Heck, in company with his wife, consulted Mr. Roll about their interest in the estates in question. They had never had any business with him before, and after they had explained the matter to him he suggested the case might involve considerable work. This was based upon the facts given him by the appellants. The contract was then signed. Appellant Heck claims that the attorneys did little, if anything, after their employment, but the proof in the case shows to the contrary; nor is there any evidence of fraud, or that appellants were overreached in any way.

The attorney for Mr. Wood testified that he was familiar with the litigation and did not think a fee of $1,000.00 unreasonable; and he never met the attorneys, while the suit was pending, that they did not have something to say about the lawsuit, and in his judgment they attended to it in an efficient manner.

We find no evidence upon which the court could have submitted this case to the jury.

Where the facts of a case are undisputed, and but one legitimate inference can be drawn from them, the court, and not the jury, should determine their effect. Western Union Tel. Co. v. Smith, 164 Ky. 270; Same v. Teague, 134 Ky. 601; L. & N. R. Co. v. Earle's Admrx., 94 Ky. 374; Thompson v. Brannin, 19 Rep. 454.

The judgment is affirmed.