## Droppelman v. Willingham.

March 16, 1943.

Edward J. Hogan and Edwin O. Davis for appellant.

Woodward, Dawson & Hobson and Charles Leibson for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellee, Mrs. Beverly Willingham, was severely injured in an accident on February 28, 1941, while riding as a guest in an automobile owned by the appellant, L. G. Droppelman. Mrs. Willingham sued Droppelman for damages in the sum of $9,750, and the first trial resulted in a verdict for the plaintiff for $484.73. The verdict was set aside on the ground that it was inadequate, and on the second trial there was a verdict for the plaintiff for $2,234.75. After the second verdict and judgment the defendant moved the court to reinstate the first verdict, and the motion was overruled.

Mrs. Willingham lived in an outlying residential section of Louisville, and on the day of the accident had driven into town and parked her automobile in a parking lot behind Lowe's Theatre. Accompanied by a friend, Mrs. Fetter, she went into a restaurant where she saw Mr. Droppelman and Miss Mary Bess Hunt seated at a table. She knew Mr. Droppelman, but was not acquainted with Miss Hunt. Mr. Droppelman invited Mrs. Willingham and Mrs. Fetter to sit at his table, and later invited them to ride to Buechel with him and Miss Hunt and Mrs. Willingham accepted the invitation. He had promised to take Miss Hunt to her home in Buechel, which is located on the Bardstown road a few miles from Louisville. They walked across the street to the Francis Garage, got in Mr. Droppelman's car, a new Buick sedan, and with Mr. Droppelman at the wheel

started to Buechel. After traveling a few squares Miss Hunt asked permission to drive, and Mr. Droppelman moved over and Miss Hunt took the wheel. She proceeded out the Newberg road and as she turned to the left to enter a street or road which intersected the Bardstown road, the automobile left the road and struck a tree. The car was wrecked, and the three occupants were seriously injured. At the trial, more than a year after the accident, Miss Hunt, because of her injuries, was unable to be present. It was dark at the time of the accident and the car was traveling at a speed of 45 or 50 miles an hour. The only witnesses who testified as to how the accident occurred were the appellee and the appellant. The appellee testified that the car was traveling at a speed of 45 or 50 miles an hour as it approached the intersection where the accident occurred, and, when asked to state what happened at the scene of the accident, she said:

"Well, when we came to this curve she did not slow down for it and got off the road and in getting back on the road she lost control of the car and it started skidding and we crashed into a tree."

Appellant testified as follows:

"Q. Was it light or dark when the accident happened? A. It was dark.

"Q. As you traveled out the Newberg Road and approached the scene of the accident tell the jury approximately the rate of speed that Miss Hunt was driving that car? A. About forty five miles an hour.

"Q. Was there anything in her operation of the car from the time she started driving it until just the moment before the accident happened that indicated any uneasiness or trouble, or anxiety of any kind on your part? A. There was nothing.

"Q. Tell the jury just how the accident happened? A. All I remember is that the car started swerving and the next thing I knew the County policeman was leaning over me with a search-light shining in my face. I was lying in a field.

"Q. So far as you know there was no reason or excuse of any kind for the accident happening? A. None whatsoever.

"Q. I believe your car was approximately a new car? A. That is right.

"Q. How old was it? A. About three months.

"Q. And it was in perfect mechanical condition? A. It was."

The court instructed the jury that Mrs. Willingham and Miss Hunt were guests in Droppelman's car, and that Droppelman made Miss Hunt his agent in the operation of the car when he surrendered the wheel to her. The court then directed the jury to find for the plaintiff, and gave an instruction on the measure of damages.

Appellant insists that the court erred in overruling his motion for a peremptory instruction to find for him and in directing a verdict for the appellee. A negative answer to the second contention automatically disposes of the first. There is much discussion of the rule of res ipsa loquitur, and it is argued that in no case where the rule is applicable is a directed verdict for the plaintiff proper. Ordinarily where the circumstances necessary to the application of the doctrine of res ipsa loquitur stand alone without any independent evidence, direct or circumstantial, of negligence on the part of the defendant, the case is one for the jury, as the phrase means that the facts of the occurrence warrant the inference of negligence and it is for the jury to say, in view of all the facts in the case, whether or not negligence shall be inferred. Frank Fehr Brewing Company v. Corley, 265 Ky. 308, 96 S. W. (2d) 860; Paducah Traction Company v. Baker, 130 Ky. 360, 113 S. W. 449, 18 L. R. A., N. S., 1185; Louisville & N. R. Co. v. Davis, 115 Ky. 270, 71 S. W. 658; Glowacki v. Northwestern O. Ry. & P. Co., 116 Ohio St. 451, 157 N. E. 21, 53 A. L. R. 1486, and annotation in 53 A. L. R. 1494; Sweeney v. Erving, 228 U. S. 233, 33 S. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D, 905. In the present case there was evidence of negligence in addition to the mere facts of the occurrence from which an inference of negligence might be drawn, and, consequently, it was not necessry to invoke the doctrine of res ipsa loquitur. Partin's Adm'r v. Black Mountain Corporation, 248 Ky. 32, 58 S. W. (2d) 234, 93 A. L. R. 606; 38 Am. Jur., Negligence, section 297. There was direct and positive evidence that the automobile was operated in a negligent manner, and that the negligence of the operator was the sole cause of the

accident. The evidence fails to disclose the width of the streets and the angle of the curve at the intersection where the accident occurred, but it does disclose that the turn into the intersecting road was made at a high rate of speed, that the car left the road and the driver, in attempting to get back on the road, lost control of the car and it skidded and crashed into a tree. Appellant testified that the car was new and in perfect mechanical condition. This is not a case where an unexplained accident may be attributable to one of several causes for some of which the defendant is not responsible. The facts and circumstances attending the accident appear in evidence and are susceptible of but one inference—negligence on the part of the driver. If the question of negligence had been submitted to the jury and they had returned a verdict for the defendant, the verdict would have been without any evidence to support it and should have been set aside. Such a verdict would have been based on mere surmise and conjecture.

"Where the facts of a case are undisputed, and but one legitimate inference can be drawn from them, the court, and not the jury, should determine their effect." Wood-Heck v. Roll, 183 Ky. 128, 208 S. W. 768; Black Mountain Corporation v. Partin's Adm'r, 243 Ky. 791, 49 S. W. (2d) 1014; Hopper v. Barren Fork Coal Company, 263 Ky. 446, 92 S. W. (2d) 776; Northwestern Mutual Life Insurance Company v. Yoe's Ex'r, 287 Ky. 590, 154 S. W. (2d) 559. Directed verdicts for plaintiffs in negligence cases are rare, but when the undisputed evidence points unerringly to negligence of the defendant as the cause of the accident, a directed verdict for the plaintiff is proper. In Ralston v. Dossey, 289 Ky. 40, 157 S. W. (2d) 739, 741, a guest in an automobile driven by the 16-year old son of the owner was injured in an accident. There, as here, facts and circumstances attending the accident were shown in addition to the mere fact of occurrence. The following from the opinion in the Ralston case is pertinent here:

"There is no intimation that the car was overturned by reason of some defect apparent or latent, nor was there any obstruction in the road to which the accident could be attributed. Up to the moment of attempting to pass the Martin car, Chester was driving at a reasonable rate of speed. Appellant admits that there was a width of 12 feet of concrete

to the left of the Martin car over which to travel in passing the latter. This was ample space for a prudent and careful driver to pass the other car without leaving the paved portion of the road, and, either because of excessive speed, or because of failure to keep the car under control, or because of failure to maintain a lookout, the car was driven off the paved portion of the road and caused to overturn, resulting in plaintiff's injuries. In the absence of a showing of the intervention of some outside agency, no reasonable person could conclude that the accident did not result from negligence of the driver and it is unnecessary to determine whether the act of negligence was excessive speed, his failure to keep the car under control, or his failure to maintain a lookout; certainly it was one of the three or a combination of all. Since there was neither evidence from which an inference could be drawn in contradiction of the facts imputing negligence to the driver of the Ralston car, nor evidence upon which to base a contributory negligence instruction, and since appellant admits in his brief the car was used and maintained for family purposes, appellee was entitled to a directed verdict in his favor to be returned under a proper instruction on the measure of damages.''

In the recent case of Louisville Baseball Club v. Hill, 291 Ky. 333, 164 S. W. (2d) 398, 400, a small boy, while on his way to a ball game and as he was crossing a public street, was struck in the face by a baseball which came over the fence from the defendant's ball park. In a suit brought by his mother as his next friend he recovered a judgment for $2,000, and the judgment was affirmed. In the course of the opinion it was said:

''We must disagree with the appellant that the evidence entitled it to a directed verdict. On the contrary, the unexplained fact that a ball came from appellant's park where a game was about to start and struck this child while on a public street adjacent to the wall surrounding the park entitled him to a directed verdict (after all the evidence was in) that appellant was liable for the injury resulting to him from the lick. The only question which should have been left to the jury's determination was the amount of his damages.''

In Chambers v. Hawkins, 233 Ky. 211, 25 S. W. (2d) 363, 364, Mrs. Hawkins, an invited guest in an automobile owned by Dr. Chambers and driven by Felix Gorman, was injured when the automobile ran off the road at a curve while proceeding at a speed of 40 to 45 miles an hour. The question of negligence was submitted to the jury, but this court in affirming a judgment for the plaintiff said ''the fact itself proclaims negligence,'' and intimated that a directed verdict for the plaintiff should have been given. Where the evidence is so clear and convincing that reasonable minds would not differ in their conclusions therefrom, the question of the defendant's negligence is for the court and not for the jury. The only inference which could reasonably be drawn from the facts established by the evidence in the instant case was one of negligence. There was no conflict in the evidence and no reasonable probability authorizing an opposing inference. Consequently, only a question of law was presented, and the court did not err in directing a verdict for the plaintiff. Hopper v. Barren Fork Coal Company, supra. As was said in Jerke v. Delmont State Bank, 54 S. D. 446, 223 N. W. 585, 589, 72 A. L. R. 7:

''Before there is anything for submission to a jury, the evidence offered as to the ultimate facts must be such that the application of normal intellectual faculties thereto might by the customary and normal processes of reasoning arrive at different judgments or conclusions. If there is not such a state of facts a verdict should properly be directed, inasmuch as any result but one would not be a reasonable result, and the direction of a verdict in a proper case is not only the right of the judge, but it is his affirmative duty, and just as much and just as proper a part of his duty as ruling upon evidence or performing any other judicial function. * * * If reasonable minds could arrive at but one conclusion from the evidence, by applying their intellectual processes thereto, then the question as to whether the party having the burden of proof has established the issuable facts in that particular case is a question to be decided by the judge, and not by the jury, and it is probably a mere matter of phraseology and definition of terms in such a case whether we say, as a matter of language, that it then becomes a question of law for the court, or whether

we say that, being a question of fact upon which reasonable minds could not differ, it is such a question of fact as will be decided by the judge, and not by the jury, though undoubtedly the latter phrasing is more accurate.''

It is next insisted that Miss Hunt, the driver of the automobile, was not the agent of appellant, and the trial court erred in so instructing the jury. Appellant had invited appellee to ride in his automobile to the home of Miss Hunt in Buechel and to return with him to Louisville. Both appellee and Miss Hunt were guests in his automobile when they left Louisville. Appellant drove the car to Barrett avenue where, with his consent, Miss Hunt took the wheel and continued to drive until the accident. The relationship of the parties did not change. The appellee still was appellant's guest in his car which was in his possession and control though it was being driven by Miss Hunt. A like contention was made in Chambers v. Hawkins, 233 Ky. 211, 25 S. W. (2d) 363, where the facts were similar, and it was held that the driver of the car was the owner's agent.

Appellant asks that if the judgment cannot be reversed on the grounds heretofore discussed it be reversed on the ground that the court erred in setting aside the verdict of the jury on the first trial and that the first verdict be reinstated and judgment entered thereon. The court set aside the verdict on the ground of inadequacy. Mrs. Willingham's bills for hospital and medical services, medicines, etc., amounted to $234.73. She received injuries which caused excruciating pain over a long period of time. She suffered compound fractures of both bones of one leg, a severe injury to the other leg, and an injury to her left hand, resulting in a thickening of the metacarpal bones. Her broken leg at the time of the trial, nearly a year after the accident, was bowed outward and backward due to an overlapping at the point of union. Her leg was in a cast for approximately three months, and she was unable to walk without assistance for about six months. She was a young woman about 28 years of age, and in good health when the accident happened. Aside from the money actually expended by her for medical and hospital expenses, the jury allowed her $250. In view of the nature of her injuries and the pain and suffering incident thereto, the verdict was inadequate within the mean-

ing of section 340 of the Civil Code of Practice which provides that a new trial may be granted on the application of the party aggrieved for "excessive or inadequate damages, appearing to have been given, under the influence of passion or prejudice or in disregard of the evidence or the instructions of the court." Manifestly the verdict was in disregard of the evidence and the instructions of the court.

Appellant finally complains of the following statement made by appellee's counsel in his closing argument to the jury: "Let me urge you not to trouble yourselves about how this will affect Mr. Droppelman, that is not a point to be considered." It is argued that by this statement counsel told the jury that Droppelman was protected by liability insurance. We think it is not susceptible of such construction, but if it is appellant was not prejudiced. In view of the directed verdict, it could have had no bearing on the question of negligence and the comparatively small verdict returned on the second trial indicated that the jury was not influenced by the statement.

We find no error prejudicial to appellant's substantial rights, and the judgment is affirmed.