## BLACKBURN v. KENTUCKY & WEST VIRGINIA POWER CO.

Court of Appeals of Kentucky.
Nov. 30, 1951.

E. J. Picklesimer, Pikeville, for appellant.

William J. Baird, Edward R. Hayes, Pikeville, for appellee.

MOREMEN, Justice.

On June 24, 1949, in daylight, appellant, Corbett Blackburn, was driving a span of mules, harnessed to a mower, along the right side of Lick Creek Road in Pike County, when a one-half ton truck owned by appellee, Kentucky and West Virginia Power Company, approached from the rear. This truck, which was moving at a reasonable speed, pulled out and came abreast of the mules, at which time they became frightened and ran off. Appellant was thrown from the seat and injured and, before their flight was over, the mules were bruised and cut.

Appellant filed an action in which he sought to recover damages for injury to himself and to his property. Upon trial, and at the completion of the introduction of all the evidence, the court peremptorily instructed the jury to find for appellee on the ground that no negligent act had been shown.

On this appeal, it is insisted that appellee was negligent in the failure (1) to sound a horn or give other signals of intention to pass, and (2) to take every reasonable precaution to prevent frightening the animals.

KRS 189.340 provides that a person driving a motor vehicle shall sound his horn or other sound device before passing. The violation of this statute was negligence per se, but such negligence does not permit appellant to recover as a matter of law, unless it was the direct and proximate cause of the accident. Linder v. Davis, 309 Ky. 668, 218 S.W.2d 673. Usually, the question of proximate cause is submitted to the jury, but this case falls under the exception applicable to all negligence cases, which we stated in Equitable Life Assur. Soc. of U. S. v. Spencer, 262 Ky. 478, 90 S.W.2d 704, 707, to be:

"In this jurisdiction it is an established doctrine that, 'where the facts of a case are undisputed and but one legitimate inference can be drawn from them, the court, and not the jury, should determine their effect.' Wood-Hick [Heck] et al. v. Roll et al., 183 Ky. 128, 208 S.W. 768, 769, and cases therein cited."

The mules did not bolt until the truck had drawn along side them. The vehicles made no contact. It could not be logically found by the jury that the failure to sound the horn caused the accident. In fact, such action might have further excited the mules.

Appellant next complains that the terms of KRS 189.310(3) were violated. This subsection reads: "Every person operating a vehicle on a highway and approaching any animal being ridden or driven, shall exercise every reasonable precaution to prevent frightening the animal and to insure the safety of the person riding or driving it. If the animal appears frightened, the operator, when requested by a signal of the hand by the driver or rider of the animal, shall not proceed further toward the animal, unless the movement is necessary to avoid injury or accident, until the animal is under the control of its rider or driver."

In the case at bar, it was admitted that the truck made no unusual noise nor did anything that was not normal and natural in passing the vehicle on the road. Its speed was not excessive and the animals did not become frightened until it was too late for anyone to do anything about it.

We are of opinion that the verdict for appellee was properly directed. Wherefore, the judgment is affirmed.