Easter K. SPENCER, Plaintiff,

v.

Agnes BRIGHT, Defendant.

Easter SPENCER, Administratrix of the Estate of W. M. Spencer, Plaintiff,

v.

Agnes BRIGHT, Defendant.

Nos. 213, 216.

United States District Court
E. D. Kentucky, Jackson.
Feb. 11, 1958.

James S. Hogg, Jackson, Ky., for plaintiff Easter K. Spencer.

A. E. Cornett, Hyden, Ky., for plaintiff Easter Spencer, Administratrix.

McCann, Sledd & McCann, Lexington, Ky., O. J. Cockrell, Jackson, Ky., for defendant.

HIRAM CHURCH FORD, Chief Judge.

These cases are before the Court on motion of Agnes Bright, defendant in each, for a new trial. The cases grow out of an automobile accident which occurred in Pennsylvania. The defendant, while operating her car in that state, permitted it to run off the highway. As a consequence thereof, her 71-year-old mother, Mrs. Easter K. Spencer, was seriously injured, and her 74-year-old father, Willie M. Spencer, was injured fatally. The elderly parents were guest passengers in the automobile.

The suit against the daughter by the mother individually for personal injuries and medical expenses, and by the mother as administratrix of her deceased husband's estate, were consolidated for trial. A jury awarded the mother $8,721.45 on her individual claim, and $5,300 on her claim as administratrix, for the wrongful death of her husband.

The defendant, a resident and citizen of Indiana, was driving her mother and father from their home in Breathitt County, Kentucky, to visit a sister in Pennsylvania. They left Jackson, Kentucky, at about 6 P.M., Sunday, May 27, 1956. At approximately 3:30 P.M. on the following day, as they were near their destination in Pennsylvania, the defendant permitted her car to run off the road.

With respect to how the accident occurred, the defendant, being called as witness by plaintiff, testified as follows:

"A. I looked in the back to speak to Mother and she was sitting there asleep, * * * ; and I looked over at Dad and he was sitting there with his eyes closed; so then after a bit I felt the car go off the road, but I don't know if I was asleep or what. Then it hit something and that's the last I remember.

" * * * * * *

"Q. 14. What was your condition before the accident as to being sleepy or not sleepy? A. I was sleepy and I kept rubbing my face. I seen a sign back a little ways, either 10 or 15 miles to where I was going, so I thought I could make it on in that little ways."

Upon further examination the defendant testified she had driven 50 or 60 miles after beginning to get drowsy, and finally stated positively that she was asleep when the car went off the highway. She also testified that the condition of the highway at the place of the accident, as best she could remember, was good. There was no evidence as to a defect in the car.

The Court withdrew from the consideration of the jury the question of the defendant's primary negligence, deciding as a matter of law that the defendant was negligent, and that her negligence was the proximate cause of the injuries to the parties. It submitted to the jury only the question of the parents' contributory negligence, along with the decision as to the amount of damages.

The Motion for New Trial in each case sets out ten grounds of error. However, in the brief of counsel filed in support of the motions, the defendant relies mainly on three grounds. The three grounds are: (1) plaintiffs failed to sustain the burden of proof; (2) the question of defendant's primary negli-

18

gence, as well as the parents' contributory negligence, under governing Pennsylvania law, should have been submitted to the jury, and (3) the verdicts are excessive.

■ In diversity of citizenship cases, the federal courts, when deciding questions of conflict of laws, must follow the conflict of laws rules prevailing in the states in which they sit. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477.

■ According to the law of Kentucky, in a case of this character, the law of Pennsylvania governs the determination of the question whether the plaintiffs have sustained the burden of proof, or in other words, established their causes of action, since such question involves a matter of substantive rights. Ansback v. Greenberg, Ky.1953, 256 S.W.2d 1.

■ Our examination of Pennsylvania authorities is convincing that the evidence introduced for plaintiffs was sufficient to establish the alleged negligence of the defendant as the proximate cause of the accident which resulted in the alleged injuries to the plaintiffs. In Bernosky v. Greff, 350 Pa. 59, 38 A.2d 35, 36, the Supreme Court of Pennsylvania said:

"* * * For a driver to sleep at the wheel of a moving automobile makes him prima facie guilty of negligence. If there are any facts which under the circumstances tend to exculpate him from the charge of negligence, the burden of producing them is upon him."

See also, Williamson v. McCracken, 330 Pa. 254, 199 A. 166.

The case of Lithgow v. Lithgow, 334 Pa. 262, 5 A.2d 573, relied upon by the defendant as indicating to the contrary, has long since been distinguished on its facts. See Ravis v. Shehulskie, 339 Pa. 161, 14 A.2d 70.

■ However, according to the law of Kentucky in such cases the law of the state of the forum is controlling in respect to matters of procedure. In Ley

v. Simmons, Ky., 249 S.W.2d 808, the Court of Appeals of Kentucky reaffirmed this long established rule, saying, "It is familiar law that the law of the forum controls remedies and procedures."

■ The weight of authority seems to be that where, as here, the facts tending to establish negligence are undisputed and are susceptible of but one reasonable or legitimate inference, the question whether the case should be submitted to a jury or determined by the Court is a matter of procedure and is governed by the law of the forum. Croll v. John Hancock Life Ins. Co., 3 Cir., 198 F.2d 562, 564; Boyle v. Ward, 3 Cir., 125 F.2d 672.

In the American Law Institute Restatement of the Law of Conflict of Laws (1934 edition), chapter 12 on the subject of "Procedure", § 594, entitled "Mode of Trial", the rule is thus stated:

"The law of the forum determines whether an issue of fact shall be tried by the court or a jury."

■ The law of Pennsylvania on this question seems therefore irrelevant here. For guidance we must look to the law of Kentucky.

In Droppelman v. Willingham, 293 Ky. 614, 618, 169 S.W.2d 811, 814, the Kentucky Court of Appeals said:

"'Where the facts of a case are undisputed, and but one legitimate inference can be drawn from them, the court, and not the jury, should determine their effect.' Wood-Heck v. Roll, 183 Ky. 128, 208 S.W. 768; Black Mountain Corporation v. Partin's Adm'r., 243 Ky. 791, 49 S.W.2d 1014; Hopper v. Barren Fork Coal Company, 263 Ky. 446, 92 S.W.2d 776; Northwestern Mutual Life Insurance Company v. Yoe's Ex'r., 287 Ky. 590, 154 S.W.2d 559. Directed verdicts for plaintiffs in negligence cases are rare, but when the undisputed evidence points unerringly to negligence of the defendant as the cause of the accident, a directed verdict for the plaintiff is proper."

■ In the present case, as in the Droppelman case, supra, 293 Ky. at page 617, 169 S.W.2d 811, 814, there was undisputed evidence pointing unerringly to negligence on the part of the defendant in the operation of her automobile which proximately resulted in the injury to her mother and the death of her father. It is therefore unnecessary to consider the application of the doctrine of res ipsa loquitur, or the kinship of that doctrine to the so-called Pennsylvania doctrine of exclusive control.[1]

■ While the question of the measure of damages is controlled by the law of Pennsylvania, the authorities cited and relied upon by the defendant do not seem to support the claim that the damages awarded are so excessive as to justify granting a new trial of either case.

For the reasons indicated, the motions for new trial should be denied.

---

1. See Res Ipsa Loquitur Doctrine in Pennsylvania, 85 Pa.Law Rev. 212.