## Smith v. Goodwin.

Nov. 10, 1942.

38

**Ralph P. Rich and James R. McGarry for appellant.**

Northcutt & Northcutt and G. Louis Hume for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Paul Goodwin, a boy 19 years of age, was struck by a car driven by the appellant, Dr. Claude E. Smith, while crossing the Dixie Highway at the intersection of Arlington Road a few hundred feet south of the city limits of Covington. The accident occurred about 7:00 o'clock on the night of January 5, 1939. Goodwin's left leg was broken. He recovered a judgment of $2500; hence this appeal.

Dr. Smith is urging that the judgment be reversed on the grounds that (1) he was entitled to a peremptory instruction; (2) the trial court erroneously instructed the jury; and (3) Goodwin was guilty of contributory negligence.

Goodwin and Earl Whitaker were returning to their home (at Mt. Eden) from Cincinnati in a car owned by Goodwin and driven by Whitaker. Whitaker stopped the car off the paved part of the highway just a few feet south of the western intersection of Arlington Road for the purpose of going across the highway to the White Horse Tavern to get a sandwich.

Since the principal ground urged for reversal is that Dr. Smith was entitled to a peremptory instruction, it is necessary that we set forth briefly the two versions of the accident.

Goodwin said that after he got out of the car on

the right side he walked back to about the middle of Arlington Road; he waited for a truck to pass, which stopped some 800 to 1000 feet to the south; he looked both ways and walked across the highway; and was struck just as he was in the act of stepping off the paved part of the highway on the gravel. Whitaker said that some sort of vehicle passed as he was getting out of the car on the right side; he walked to the intersection of Arlington Road and saw Goodwin as he was walking across the highway; and when Goodwin was about two steps from the edge of the concrete he saw the car which struck him some 30 or 40 feet to the south.

Dr. Smith's theory of the accident, which is supported by the evidence of three other witnesses, is that Goodwin ran from behind a passing truck directly in the path of his car and that he could not avoid striking him, though he swerved his car sharply to the left in an effort to do so. The speed of Dr. Smith's car was fixed at 30 to 35 miles an hour by the testimony of his witness, Hudson, who was driving his car some 20 feet to the rear of the Smith car. This witness said that he could have been going a little faster, but that he did not think that he was. Dr. Smith said that it was his habit to look directly to the front when driving. He testified that:

"* * * There were two cars, one or two trucks, coming up hill. As I got right at the second truck out loomed this boy running. He ran fast across from behind this truck. I was just driving along and there was nothing to do but put on the brakes. He was running to the east side toward Mt. Allen and I was going north on the Dixie Highway. When I first saw him he was in the extreme right lane. I never drive on the extreme right lane, because too many people walk on the Highway. I drove along on the right side of the road. I will say I was straddled the first of the two lanes of the Highway. Not the middle lane but the second lane. So, I threw on my brakes and swerved my car to the left—to the right to try to miss him

"Q. Did you sound any warning? A. I didn't have time to sound a warning. When I saw him there wasn't time to sound a warning * * *"

It can be seen from this statement that Dr. Smith placed Goodwin at about the point where he and Whitaker said he was at the time he was struck, that is, to the extreme

right-hand side of the highway just opposite the T intersection of Arlington Road. Hudson estimated the speed of the truck at 10 miles per hour and said that Goodwin darted from behind it about two feet in front of the Smith car. There is no showing that the truck was not being driven to the left of the center of the highway, which is 40 feet wide at this point. If Hudson's statement is correct, Goodwin must have traveled some 16 to 18 feet before he was struck, notwithstanding the fact that he was only two feet in front of the Smith car when he came from behind the truck.

It is obvious from the foregoing summary of the two versions of the accident that this was a clear case for the jury. There is no basis whatever for the contention that the evidence was as consonant with the existence as the non-existence of negligence, thereby entitling Dr. Smith to a peremptory instruction. City of Ludlow v. Albers, 253 Ky. 525, 69 S. W. (2d) 1051. Nor is there basis for the contention that the accident did not take place at an intersection. All the evidence puts Goodwin practically across the highway at the intersection of Arlington Road from the west at the time he was struck. While the eastern intersection of this road with the Dixie Highway is some 80 feet to the south, we have held that a T connection of two highways is an intersection. Cook v. Gillespie, 259 Ky. 281, 82 S. W. (2d) 347.

We think the conflicting evidence brings the case clearly within the rule laid down in the recent case of Dixon v. Stringer, 277 Ky. 347, 126 S. W. (2d) 448. Goodwin's evidence placed him within the view of Dr. Smith on the extreme right-hand side of the highway with no vehicle to obstruct Dr. Smith's view, since he placed the truck some 800 to 1000 feet to the south. Dr. Smith's evidence showed that Goodwin appeared suddenly from behind a passing truck in front of his car, which was being driven at about the middle of the 20 feet of paved highway to the right of the center line. Dr. Smith said that he was looking straight ahead and did not see the boy until he was "in the extreme right lane." He was driving about 30 to 35 miles an hour as he approached the intersection. The instructions properly followed those in the Stringer case.

The question of Goodwin's contributory negligence seems to be based upon the theory that the proof for both sides shows that Goodwin suddenly appeared from

behind a truck in front of Dr. Smith's car. It is obvious from what has been said that we do not believe that the evidence warrants such an interpretation. The question of contributory negligence on the part of Goodwin was for the jury.

It is next contended that, since the Dixie Highway consists of two national highways which are leading arterials to the south, Dr. Smith was entitled to have submitted to the jury the duty of increased precaution upon the part of Goodwin in crossing at the place in question. The case of Bruce's Adm'x v. Callahan, 185 Ky. 1, 213 S. W. 557, is cited in support of this contention. An examination of that case, however, will reveal circumstances materially different from those in the case at bar. There the injured person was attempting to cross a heavily traveled portion of Fourth Street in Louisville shortly before mid-day. While there is some testimony as to the amount of traffic on the Dixie Highway at the place of the accident, it can be noted from the evidence reviewed herein that, at most, there were only two cars going south and one or two going north at the time Goodwin was struck. There was no unusual condition or danger shown about this particular place on the highway at the time of the accident. Therefore, the trial court properly refused to give an instruction on this point.

Judgment affirmed.