## Elliott v. Drury's Adm'x.

February 25, 1947.

J. Wirt Turner, Judge.

Woodward, Dawson, Hobson & Fulton and Ollie J. Bowen for appellant.

Draffen & Dean and J. W. Gaines for appellee.

OPINION OF THE COURT BY JUDGE SILER—Reversing.

William Drury's widow and administratrix, Margaret Drury, appellee, having recovered judgment against G. Cooksey Elliott, appellant, for damages arising principally from Drury's death by automobile collision, Elliott now appeals.

As grounds for reversal, appellant brings the following contentions of prejudicial, trial error and lays them on the doorstep of the lower court, viz: (A) that it refused to direct a verdict in appellant's behalf and (B) that it improperly instructed the jury.

A. In support of her theory that Elliott was guilty of legal negligence on this occasion and must therefore respond to her in damages for her husband's death and for the demolishment of his car, Mrs. Drury testified on this trial substantially after this manner, viz., that

the accident happened on February 23, 1945, around 4 P. M., on Highway 62 at a place where it is obliquely joined by a graveled, county road known as the Ballard Road; that this road junction is almost at the top of a curved hill; that the Ballard Road turns southwardly off of Highway 62, which runs westwardly from Lawrenceburg; that Drury, accompanied by his wife and two small children in the front seat and by Truman Cornish and his wife and child in the rear seat, were traveling westwardly on Highway 62 approaching the top of this hill and the Ballard Road junction; that Drury was driving on his right side of the road and that he, in order to manifest his intention to turn to his left and out the Ballard Road, blew his horn and held out his left hand about 100 feet before reaching this junction; that he made the turn toward his left in oblique manner, beginning at a point about 60 feet eastward of the junction; that observation of the highway ahead disclosed that no car was approaching, at Drury's turning moment, closer than one, later discovered to be under the operation of a man named Holt, coming at a distance of about 250 feet; that Drury was, at the time of his leftward turn toward the Ballard Road, closer to this junction than this Holt car; that the Elliott car, which ran around the Holt car at some point before the junction was reached by these two cars, was not seen until it passed around the Holt car and until the Drury car was "almost across the road;" that the speed of the Elliott car appeared to be around 50 or 60 miles per hour as it came in sight over the hill and from behind the Holt car; that the Drury car had been running along at the rate of 30 or 35 miles per hour on this tragic trip; that the collision occurred in this junction of roads and while the frontward part of the Drury car was on the gravel of the Ballard Road and while its rearward part was on the macadam of Highway 62.

It is evident that this car collision occurred, similarly to that of others of like pattern, because the two drivers aimed toward an occupancy of the same space at the same time. This cannot be tolerated. Nature has enjoined it. Physical law denounces it. Neither administrative veto nor legislative repeal interferes with the vitality of the unchanging canons of the Cosmic Congress of the universe, the canons which fundamentally

govern any situation of this kind. One of these two cars should not have been at this fatal spot at the lethal moment of this collision. And the processes of this litigation have now been called upon to determine which should have been and which should not have been at the "X spot" of this calamity in the flashing instant of its ruination.

We feel certain that appellant was not entitled to a directed verdict on this trial, that no error was committed by the trial court in refusing to direct such a verdict. The direction of a verdict for a defending party is not authorized unless, after admitting the testimony offered by the claiming party and after admitting every reasonable inference to be deduced from the facts proven to be true, the cause of action is then and thereupon unsupported by legal evidence. Nelson v. Black Diamond Mining Co., 167 Ky. 676, 181 S. W. 341; New York Life Ins. Co. v. Dean, 226 Ky. 597, 11 S. W. 2d 417; Kentucky Traction & Terminal Co. v. Roman's Guardian, 232 Ky. 285, 23 S. W. 2d 272; Holsclaw's Adm'r v. Louisville Gas etc. Co., 267 Ky. 56, 100 S. W. 2d 805. However much the evidence of a defending party may overbalance that of his opposing party, the latter is still entitled to have the jury pass upon the issue of his case, assuming that the latter has nevertheless produced evidence of probative value in support of such case. Honaker v. Crutchfield, 247 Ky. 495, 57 S. W. 2d 502; Ludlow v. Albers, 253 Ky. 525, 69 S. W. 2d 1051. Numerical superiority of witnesses does not authorize a directed verdict in favor of the party producing that superiority, Louisville & N. R. Co. v. Curtis' Adm'r, 233 Ky. 276, 25 S. W. 2d 398. Now if we accept as totally true, which we must do upon this consideration, the testimony given by Mrs. Drury, the latter would be sufficient, even if standing alone, to support her cause of action. She said that Drury started into this road junction when no other vehicle was perilously near and that the Drury car had almost made its turn into this joining road when appellant flashed over the rise and from behind the Holt car at an excessive speed, thereby colliding with the Drury car on the southward side of the main highway. All witnesses agreed that the Drury car was partly on the gravel of the secondary road at the time of the collision. Accepted at full face value, Mrs. Drury's tes-

timony showed a performance of legal duties in a normal manner by Drury, showed a violation of legal duties by Elliott, showed the Drury car in a perfectly legal right to be at the "X spot" of this accident, which right was clearly superior to any similar right on the part of the Elliott car. Therefore, appellee not only proved appellant's negligence but also demonstrated that such negligence was, according to her own proven theory, the causative factor of this collision. The trial court correctly, as we firmly believe, submitted this case to a jury for its decision.

B. But appellant has directed our attention to what he believes to be prejudicial errors in the lower court's instructions given to the jury upon this trial. We have reached the conclusion that this contention of committed, prejudicial errors is correct. The trial court instructed the jury substantially within the terms of KRS 189.340 on the subject of the overtaking of vehicles on the highway. In doing so, the trial court set out the duty of the overtaking motorist to sound his horn before passing the overtaken motorist, likewise, the duty of the overtaking motorist to refrain from passing his predecessor until his left side should be reasonably traffic-free and until his regained position in the lane of his own traffic-flow would still leave a 100 foot interval between himself and any oncoming vehicle. Thereupon, the trial court further instructed the jury that if it believed that appellant, the overtaking motorist, had violated any of those duties as previously set out, with the proximate result of the collision, then the verdict should be for appellee.

We believe that the trial court's instruction, referred to above and outlined above in its general substance, missed the vital feature of this case as to the proximate cause of this accident. The proximate cause was clearly not in the failure of appellant to sound his horn in passing the Holt car. Neither was it in the discretion exercised by appellant in passing around the Holt car. Everyone agreed that appellant was already around the Holt car in a normal manner before the collision happened. This collision did not occur as a result of any head-on encounter with an oncoming car at the time of the overtaking incident, but rather it occurred as a result of appellant's sideward smash into a car

which had previously turned into appellant's own regained traffic lane at this road junction. Therefore, as we see this situation from all the evidence produced, the crucial factors of causation lay in which car was out of proper control, lay in which car was operating at an improper speed, lay in which car was not keeping a proper lookout, lay in which car had the right of way in the junction area under all the existing conditions. We can readily see how this jury may have been misled, misled into following the chipmunk trail of an omitted horn blowing, whereas it should have been following the elephant trail of the real causative factors, the causative factors as we have indicated them above.

It seems to us that the main negligence questions in a road junction case of this kind would be properly set out and submitted in the following general framework of instructions on this subject.

### Instruction I.

It was the duty of the defendant, Elliott, in driving eastwardly on Highway 62, at the time and place mentioned in the evidence of this case and as he approached the junction of said highway with Ballard Road, to (a) operate his automobile in a careful manner, with due regard for the safety and convenience of other vehicles, including the automobile of the plaintiff's decedent, Drury, and to exercise ordinary care to avoid colliding with Drury's automobile; and to (b) have his, Elliott's, automobile under reasonable control and to operate same at a rate of speed which was reasonable and proper, having due regard for the traffic and use of the highway by other vehicles; and to (c) keep a lookout ahead for other automobiles and for signals which another motorist might give of his intention to change his course of travel, which change might thereby affect his own, Elliott's, operation or movement; and to (d) yield the right of way to Drury so as to permit him to turn into Ballard Road in safety, provided the jury should first believe from the evidence that Drury reached and entered the Ballard Road junction area reasonably well ahead of Elliott and thereby acquired the right of way over Elliott.

If the jury believes from said evidence that Elliott failed to observe any one or more of the duties above set

forth and that as a direct and proximate result of such failure, the collision of these automobiles occurred and thereby caused Drury's death and his automobile damage, the law is for the plaintiff and you should find for her according to the measure provided in an instruction subsequent hereto; but, unless you believe as herein indicated or unless you believe that Drury himself was guilty of negligence as defined in Instruction II, then in either such event, you should find for Elliott on plaintiff's claim for damages.

### Instruction II.

It was the duty of plaintiff's decedent, Drury, in driving his automobile westwardly on Highway 62, at the time and place mentioned in the evidence of this case and as he approached the junction of said highway with Ballard Road, to (a) operate his automobile in a careful manner with due regard for the safety and convenience of other vehicles, including the automobile of the defendant, Elliott, upon said highway; and to (b) exercise ordinary care to avoid colliding with Elliott's automobile; and to (c) keep a lookout for other cars using said highway and junction; and to (d) have his automobile under reasonable control and to operate it at a rate of speed which was reasonable and proper, having due regard for the traffic and use of the highway and junction by other vehicles; and to (e) see that there was sufficient space and time to make a left turn into Ballard Road in safety; and to (f) give a plainly visible signal of his intention to turn for not less than the last 100 feet traveled by extending his hand and arm in a horizontal position from and beyond the side of his car in the direction of his intended turn, provided that it appeared that the movement or operation of Elliott's automobile might reasonably be affected by such turn; and to (g) refrain from beginning such turn before it was reasonably necessary to do so, having due regard for the angle of said junction and the general condition of the merger of said two roads; and to (h) yield the right of way to Elliott so as to permit him to pass the Ballard Road junction in safety, provided the jury should first believe from said evidence that Elliott was, as Drury started to turn, closer to said junction than Drury or that Elliott was, at said time, so reasonably near to said

junction as to make Drury's turn hazardous under the existing conditions.

If the jury believes from said evidence that Drury failed to observe any one or more of the duties above set forth and that as a direct and proximate result of such failure, the collision of these automobiles occurred and thereby caused the damages proven by the defendant, then the law is for the defendant and you should find for him on his counter-claim according to the measure provided in an instruction subsequent hereto; but, unless you believe as herein indicated or unless you believe that Elliott himself was guilty of negligence as defined in Instruction I, then in either such event, you should find for plaintiff on defendant's counter-claim.

Other necessary instructions incorporating the law as to contributory negligence, as to measure of damage, as to proper definition of terms, as to number of jurors necessary to return a verdict should all be added to those set out above in order to make a complete body of the law applicable to a case of this kind. We have only attempted to furnish the above framework of instructions to the extent necessary to help dispel, as best we can, the fogs of doubt relative to the respective duties of these parties under the general situation and the prevailing conditions as they seem to have existed in this particular case.

And now, because of the instruction, which was given upon this trial and which we believe was erroneous in particulars pointed out herein, the judgment of the lower court is now hereby reversed for further proceedings consistent herewith.