## Durbin v. Banks.

December 1, 1950.

William H. Field, Judge.

J. Walter Clements for appellant.

Davis, Boehl, Viser & Marcus for appellee.

JUDGE REES—Affirming.

This is an appeal from a judgment dismissing the plaintiff's petition in an action for damages for personal injuries after the jury had returned a verdict for the defendant.

Appellant, Catherine Durbin, was struck by an automobile driven by appellee as she was crossing Eighteenth Street in Louisville. The accident happened at the intersection of Standard Avenue and Eighteenth Street. It is appellant's contention that she was entitled to a directed verdict in her favor, leaving to the jury only the assessment of damages, since there was no evidence that the accident was unavoidable or that she was guilty of contributory negligence.

Standard Avenue ends at Eighteenth Street. Appellant left her home on La Salle Street and walked north along the east side of Eighteenth Street until she reached the crosswalk on the north side of its intersection with Standard Avenue. According to appellant, the

accident happened about 7:40 a. m. when she was on her way to St. George's Church to attend services which began at 7:45 a. m. She testified that before stepping from the east curb of Eighteenth Street she looked north and south and saw no traffic in either direction for at least a city block. She did see appellee's automobile in Standard Avenue as it was about to enter the intersection. It was standing and had not moved as she approached the center of Eighteenth Street. She looked to the right to see if any traffic was approaching from that direction, and before she saw appellee's car again she was struck and knocked down. The appellee testified that he drove east on Standard Avenue and stopped at Eighteenth Street. After looking in both directions and seeing no traffic he turned to the left in Eighteenth Street and swung to the right of the center line, intending to go north on that street. Several cars were parked along the east side of Eighteenth Street, and as he approached the crosswalk appellant suddenly appeared from between two of the parked cars and ran immediately in front of his automobile. He was traveling at a speed of less than ten miles an hour and applied his brakes, but was unable to avoid striking her. The car stopped almost simultaneously with the collision. According to appellant, she was struck after she reached the center of Eighteenth Street or on the west side of the center line, while appellee testified that his automobile was to the right of the center line of Eighteenth Street or on the east side of the street when appellant was struck. Eighteenth Street is 36 feet wide and Standard Avenue is 30 feet wide at their intersection. No one except appellant and appellee witnessed the accident, and their testimony is conflicting. Appellant did not see any cars parked on the east side of Eighteenth Street and she stated that she was walking across the street in the crosswalk when she was struck, while appellee stated that appellant stepped from between two parked cars and was running when he first saw her, and that she was then only four or five feet from his car.

It is argued that there are inconsistencies between appellee's statements to police officers soon after the accident, his statements in a deposition taken before the trial, and his testimony on the trial. The inconsistencies pointed out by appellant are slight, but in any

event it was for the jury to determine whether his statements on the trial were true. The jury may determine the weight as between the conflicting statements of a witness, and may believe his testimony given on the trial despite his previous contrary statements. Cheatham v. Chabal, 301 Ky. 616, 192 S. W. 2d 812.

If appellee's testimony is true, appellant was guilty of contributory negligence, and it was proper for the court to instruct on that question. Smith v. Goodwin, 292 Ky. 37, 165 S. W. 2d 976; Wilder v. Cadle, 227 Ky. 486, 13 S. W. 2d 497. In Remmer's Ex'r v. Mayhugh, 303 Ky. 366, 197 S. W. 2d 450, 453, a pedestrian, while crossing a highway, was struck and killed by an automobile. In an action against the driver of the automobile by the deceased's personal representative, the jury returned a verdict for the defendant. It was argued on appeal that the trial court should have peremptorily instructed the jury to find for the plaintiff, and should not have instructed on contributory negligence. It was held that the question as to whether the defendant was negligent and, likewise, the question as to whether the plaintiff's decedent was guilty of contributory negligence were matters for the determination of the jury. The court said: "The prevailing rule is to the effect that the trial court is not justified in taking the case from the jury unless facts are not in dispute, or the proof is such that fair-minded persons might not differ about them." In the present case, the facts as to the negligence of the defendant and the contributory negligence of the plaintiff were in sharp dispute, and it was for the jury to say whose version of the accident should be accepted.

It is argued that Instruction No. 2-D was unauthorized and erroneous in that it was not only misleading but completely neutralized Instruction No. 2-C. The court told the jury in Instruction No. 2-C that it was the duty of the driver of the automobile in turning into Eighteenth Street to pass immediately to the left of the center point of the intersection and as close as possible thereto. This is in accordance with the provisions of KRS 189.330(1). Instruction No. 2-D told the jury that it was the duty of the driver of the automobile to turn into Eighteenth Street on the east side of the center line of that street, to move his car at a reasonable

rate of speed, and to have it under reasonable control. The instructions, when read together, told the jury that it was the duty of appellee in turning into Eighteenth Street to pass to the east side of the center line of Eighteenth Street after passing immediately to the left of the center point of the intersection of the two streets. There was no inconsistency between the two instructions, and they were not misleading.

Judgment is affirmed.