Foster BROCK, Appellant,

v.

Archie PILLION, Appellee.

Court of Appeals of Kentucky.

March 25, 1955.

G. E. Reams, Harlan, for appellant.

Joseph K. Beasley, Harlan, for appellee.

STANLEY, Commissioner.

The appeal is from a judgment for the defendant, Archie Pillion, in Foster Brock's suit for damages for personal injuries sustained by the wrecking of an automobile in which he was a guest on the afternoon of August 1, 1953.

The plaintiff testified the defendant, going about 35 or 40 mph, was in the act of passing a "Jeep station wagon" where he could see 30 or 40 yards ahead when an oncoming car came in sight. He picked up speed to get in front of the station wagon and swung so far to the right he "hit the ditch." Brock exclaimed, "Archie, are you wrecking?" and "ducked down" to avoid flying glass. That is the last thing he remembered. The highway is paved with concrete and on the right-hand side is a gravel berm, then a drainage ditch and a rock cliff.

Edsel Howard, who was in the station wagon, testified that when Pillion passed him, an oncoming pickup truck came in sight 35 or 40 yards away. Pillion's car "hit the gravels, went into a skid, and when it come on the road started up and went over the bank" on the left side. The car turned completely over. The road was dry.

The defendant's evidence is that he was going about 50 mph when he passed the station wagon; the road was straight at the point but immediately ahead was a curve; just as he got past the station wagon, a car came in sight about 100 feet away. He had turned in front of the station wagon, and his wheel dropped off the concrete onto the shoulder or berm and "made a bobble." Just then Brock "got scared and grabbed the steering wheel" and jerked the car over to the left. Up to that time he

had his car under complete control. The grabbing of the steering wheel caused the car to completely turn around and skid sideways down an embankment on the left side of the road. The defendant is positive that the road was clear of traffic when he passed the station wagon and that he had got back on his right side of the road in safety when the plaintiff grabbed the steering wheel.

Marvin Howard, another occupant of the station wagon, testified it was going about 30 mph when Pillion passed it; that he had plenty of room to pass in safety and the oncoming car did not interfere; that he, Pillion, got back on his side of the road and had gone 20 or 30 feet when his car turned around on the left side and went over the bank backward.

There was substantial evidence that the plaintiff was under the influence of moonshine whiskey and beer. His evidence is to the contrary. No claim is made that the defendant had been drinking. There is testimony that after the accident Brock stated he had grabbed the steering wheel.

■■ We cannot agree that the appellant was entitled to a directed verdict under the res ipsa loquitur rule. The circumstances proven take the rule entirely out of the case. Droppelman v. Willingham, 293 Ky. 614, 169 S.W.2d 811. In the several cases cited in support of the argument, of which Fannin v. Lewis, Ky., 243 S.W.2d 60, is typical, the operator of the automobile offered no evidence at all or none of probative value to overcome a presumption arising from the event or negligence reasonably to be inferred from the character of the accident itself. In this case there is evidence, with little or no contradiction, proving, first, the defendant lost control of the car, and, second, the plaintiff grabbed the steering wheel, which probably was the real cause of the accident. Certainly, it was an intervening cause. Any presumption or inference of negligence raised by the rule of res ipsa loquitur was rebutted or overcome. The evidence authorized the submission to the jury of the defendant's negligence. It was for the jury to determine the relation of cause and effect in the light of all the testimony. Schechter v. Hann, 305 Ky. 794, 205 S.W. 2d 690; Whitt v. Farley, Ky., 275 S.W. 2d 906.

■ Plaintiff's requested primary instruction enumerated among the defendant's duties those of keeping a lookout ahead for other cars and of keeping to his right side of the road without passing to the left side unless it was clear of other traffic and presented a clear vision for a distance of at least 150 feet. This provision is based on KRS 189.300, which relates to the general conditions, instead of KRS 189.340(3), which relates to overtaking and passing vehicles. That section contains no reference to any arbitrary distance. The given instructions were formulated by the court and did not include these two duties. We think the omission was proper. It is doubtful if the evidence authorized an instruction relating to negligence in passing the station wagon. In any event, if passing it under the circumstances be deemed imprudent or negligent, neither the station wagon nor the oncoming car was involved in the accident. The conditions may have caused the defendant to speed up his car, as the plaintiff testified he did, and the spurt of speed may have caused him to lose control and swing too far to the right and then careen back across the road and over the embankment. But a reason or excuse for speeding is not the fact of speeding, nor the consequences thereof. Passing the station wagon under the circumstances was but an antecedent event which created a condition or gave rise to the occasion which made the injury possible, but it was not an efficient cause. It is to be borne in mind that a negligent act is not itself actionable but only becomes the basis of liability when it results in injury to another person. Burton v. Cumberland Tel. & Tel. Co., Ky., 118 S.W. 287; Louisville & N. R. Co. v. Napier, 223 Ky. 417, 3 S.W.2d 1070, 64 A.L.R. 513; Wilder's Adm'r v. Southern Mining Co., 265 Ky. 219, 96 S.W.2d 436; Elliott v. Drury's Adm'x, 304 Ky. 93, 200 S.W.2d 141; Brown Hotel v. Levitt, 306 Ky. 804, 209

S.W.2d 70; Blackburn v. Kentucky & West Virginia Power Co., Ky., 243 S.W.2d 995.

 The court rejected an instruction offered by the plaintiff which would have advised the jury essentially that if they believed the plaintiff had grabbed the steering wheel, as the defendant testified, he should be excused and not held to have been contributorily negligent because he had acted in a sudden emergency or was confronted with a sudden peril. Doubtless, the act of the plaintiff was on a sudden impulse, but the circumstances were not such as to authorize the instruction requested. The car was on the right-hand side of the road although it had gone over onto the gravel shoulder and was in the act of recovering its proper place when the plaintiff interfered. The request for the instruction invited an error, which the court declined to commit.

 As a matter of contributory negligence, the court instructed the jury in substance that if the plaintiff saw or in the exercise of ordinary prudence could have seen that the defendant was operating his automobile at an unreasonable rate of speed or out of control a sufficient distance before the wreck in time for him to have warned the defendant, then it was the plaintiff's duty to protest both actions; and if the jury believed that he failed to do so and by reason thereof helped to cause or bring about the accident, the jury should find for the defendant. The specific reasons for the objection to the instruction, stated in accordance with Civil Rule 51, were that there was no evidence justifying it since all the evidence was to the effect that defendant's negligence arose suddenly and without opportunity of the plaintiff to protest or to do anything to avoid the consequences or to provide for his own safety. It seems to us the objection was well taken and that it was error to give this instruction. This conclusion is sustained by the authorities. Haller's Pet Shop v. Pearlman, 253 Ky. 130, 69 S.W.2d 9; Trimble v. Baker, 273 Ky. 434, 116 S.W.2d 968; Epperson v. Wright, 277 Ky. 205, 126 S.W.2d 123. It cannot be held to have been harmless. No one claimed that the plaintiff protested. The instruction injected an element of contributory negligence practically as a matter of law that may well have afforded the jury a reason for finding against the plaintiff. On this account we are constrained to reverse the judgment.

The claims of error in rejecting testimony of a witness concerning car tracks in the road ditch, and in omitting converse provisions in the given instructions do not appear to be sustainable, but we have no reason to express a definite opinion concerning the claims.

Judgment reversed.

HOGG, J., not sitting.