**John DUNSON, Appellant,**

v.

**Thomas D. SWIGGUM, Appellee.**

Court of Appeals of Kentucky.

June 17, 1955.

Julius Leibson, Rudolph V. Binus, Louisville, for appellant.

Woodward, Hobson & Fulton, R. C. Hobson, Louisville, for appellee.

HOGG, Judge.

This appeal is from a judgment for the defendant (appellee) in appellant Dunson's suit for damages for personal injuries sustained in an automobile accident in the City of Louisville, Kentucky, when appellant was struck by a car being driven by appellee, while attempting to cross Seventh Street, somewhere near the middle of the block. Plaintiff (appellant) seeks a reversal upon the ground that the trial court erred in refusing to give an instruction which he offered.

The accident happened at about 4:20 p. m., July 16, 1952, at a point near the center of Seventh Street, approximately 160 feet north of the intersection of Seventh Street and Algonquin Parkway. Seventh Street runs north and south and is divided into four lanes, two lanes for traffic going north, and two lanes for traffic going south. Algonquin Parkway runs east and west.

Appellant and Phillip Beck, who had worked at the same place that day, had been transported in a truck to the southwest corner of Seventh Street and Algonquin Parkway, at which point they alighted from the truck. They intended to catch a bus going north on Seventh Street. The bus stop for busses going north was located about 160 feet north of the intersection, on the east side of Seventh Street.

When appellant and his companion alighted from the truck they walked north across Algonquin Parkway and along the west side of Seventh Street until they reached a point across the street from the bus stop. When they arrived at that point, they found a line of traffic in the outer lane on the west side of Seventh Street, next to the curb, backed up north from the street intersection. The cars were waiting for the green light to come on so that they could move forward, in a southerly direction. Appellant walked between two cars standing in this line of traffic. When he cleared the two cars and was about one foot beyond them, he stopped and looked both ways for further traffic in the second lane. He stated that he saw no traffic in the second lane coming in either direction. He moved on into the inner lane and was struck by appellee, who was traveling south on Seventh Street. He said that after tak-

ing four or five steps he "heard a screeching, and I went to look around and I threw up my hand and that is when I got hit." After appellant was struck, appellee's car moved approximately three feet.

None of the witnesses for the appellant, except Beck, saw the automobile being driven by appellee until it was a few feet from appellant. Beck testified that he saw the appellee pull out from the lane next to the curb on the west side of Seventh Street and get in the second lane, a distance of about six cars back from, or north of where the appellant attempted to cross.

In view of the fact that we have reached the conclusion that the instructions given by the lower court were proper, and that the instruction offered by the appellant—which we shall later discuss—should not have been given, we see no necessity in going into a further discussion of the evidence in this case.

Appellant asked the court, and the court refused, to give the jury the following instruction:

> "It was the duty of the defendant at the time and place concerning which you have heard evidence, to exercise ordinary care to prevent his automobile from striking the plaintiff and that duty included the following duties, to-wit:
>
> "(d) To drive his automobile as nearly as may be practicable entirely within a single lane, and not to move from that lane until he first ascertained that the movement from the outside lane to the inside lane could be made with safety."

The appellant also offered an instruction relative to the duty of the appellee to blow his horn, which instruction was refused by the court. He does not urge that this omission should be considered on appeal, but insinuates error in that regard. Indeed, he is not in a position to ask for consideration of such alleged omission because the case is here on an abbreviated record and the appellant filed his Statement of Points on Appeal stating that the question to be argued on appeal was the failure of the court to give Instruction 1–d, hereinabove set forth. CR 75.04, and Clay's Comments on Kentucky Civil Rules, pages 616, 617. Also see Ritchie v. Drier, 83 U.S. App.D.C. 16, 165 F.2d 238, certiorari denied, 334 U.S. 860, 68 S.Ct. 1518, 92 L.Ed. 1780.

We believe the trial court properly rejected the proffered instruction. If such an instruction had been given it would have been erroneous. Appellee's swinging out into the second lane, six car lengths back of the point of the accident, was not and could not have been the proximate cause of the accident. The change from the inner lane, or the lane on the west side of Seventh Street, to and upon the second lane had been completed in safety sometime before the time of the accident.

In the case of Brock v. Pillion, Ky., 277 S.W.2d 27, 29, the question was presented as to whether or not an instruction somewhat similar to the one here requested should have been given. In that case we said:

> " * * * Passing the station wagon under the circumstances was but an antecedent event which created a condition or gave rise to the occasion which made the injury possible, but it was not an efficient cause. It is to be borne in mind that a negligent act is not itself actionable but only becomes the basis of liability when it results in injury to another person. * * * "

See, also, Elliott v. Drury's Adm'x, 304 Ky. 93, 200 S.W.2d 141; Smith v. Goodwin, 292 Ky. 37, 165 S.W.2d 976; Monroe v. Townsend, 308 Ky. 123, 213 S.W.2d 803. See also the cases cited in Brock v. Pillion, supra.

We have carefully examined the instructions given to the jury in this case and we are of the opinion that such instructions covered the whole law of the case, and we are further of the opinion that the court properly rejected the instructions offered by the appellant.

The judgment is affirmed.