**Mrs. Smith RANKIN, Appellant,**

v.

**Ray Edward GREEN and Norman Green, d/b/a Danville Yellow Cab Co., and Jess Dunagan, Appellees.**

Court of Appeals of Kentucky.

May 6, 1960.

As Modified on Denial of Rehearing
June 9, 1961.

George R. Silliman, Danville, Harry B. Miller, Jr., Miller & Griffin, Lexington, for appellant.

James F. Clay, A. Jack May, Danville, for appellees.

BIRD, Judge.

This action arises from an automobile collision at a street intersection.

Rankin's car and Green's car were being driven in opposite directions on Walnut Street in Danville, Kentucky. Rankin's car stopped for a red light at the intersection of Walnut and College Streets. The red light changed to green. The Rankin car then proceeded to turn left into College Street and into the path of the oncoming Green car which had not been required to stop for the red light. The two cars collided within the intersection. Mrs. Rankin, owner of the Rankin car, was injured. She brought this suit to recover damages for her injuries. The fact of agency is stipulated as to each driver. A jury heard the case and concluded that both drivers were guilty of negligence and consequently denied any recovery. A judgment was entered in conformity with the verdict and Mrs. Rankin appeals.

For reversal she first contends that the trial court erred in refusing to give an instruction invoking the doctrine of last clear chance. Upon examination of

the record we find ample proof of Green's antecedent negligence upon which proper instructions were given.

In order, however, to entitle Mrs. Rankin to an instruction on last clear chance it was her burden to prove that the collision was caused by Green's negligent act or failure to act after she placed herself in a position of peril. Whitesides Cab Co. v. Reed, Ky., 306 S.W.2d 249. It is contended that Green's driver did absolutely nothing to avoid the collision after he discovered the perilous position of the Rankin car. Though there may be evidence to substantiate this contention there is no evidence to show that the collision could then have been avoided by an act or effort on the part of Green's driver. Failure to act is not within itself sufficient. The evidence must not only show a failure to act but it must also show a clear chance to avoid the collision by having acted. We fail to find such evidence here and without it an instruction on last clear chance is not proper.

It should be noted that Mrs. Rankin was in no peril when she started her turn into College Street. She was not in peril until she drove across the center line of Walnut Street into the lane of traffic occupied by Green. There is nothing in this record to show the relative positions of the two cars at that time and nothing to show that the collision at that time might have been avoided.

Concerning the application of the doctrine of last clear chance to collisions at intersections, the Court believes that attention should again be directed to the holding in Desgrosiellier v. Vaughn, Ky., 320 S.W.2d 304.

Appellant further contends that Green's driver should have yielded the right of way to her and that the trial court erred in refusing to give the following instruction offered by her:

"It was the duty of the defendant, Jessie Dunagan, the driver of the defendants' Ray Edward Green and Norman Green, taxicab in driving eastwardly on Walnut Street at the time and place mentioned in the evidence of this case as he approached the intersection of said street with College Street to: * * *

"D. *To yield the right of way to the car driven by Mrs. Betty Rankin Morris* so as to permit her to turn into College Street in safety, provided the jury shall first believe from the evidence that Betty Rankin Morris reached and entered the intersection of College Street and Walnut Street reasonably well ahead of the taxicab and thereby gained the right of way over the taxicab." (Emphasis added.)

Under Walton v. Grant, 302 Ky. 194, 194 S.W.2d 366 and Elliott v. Drury's Adm'x, 304 Ky. 93, 200 S.W.2d 141, this contention could be upheld. However, in the later cases of Louisville Transit Co. v. Gipe, Ky., 277 S.W.2d 52 and Smith v. Sizemore, Ky., 300 S.W.2d 225, it appears that this Court has changed its position by holding that priority shall be given to the vehicle proceeding in a straight course. We shall here follow the later cases and thus overrule Walton v. Grant, Elliott v. Drury's Adm'x and other cases with similar holdings. Failure to instruct as requested was therefore not error.

The judgment is affirmed.