Charles E. McDONOGH, suing by his Next Friend and Father, Charles B. McDonogh, et al., Appellants,

v.

Robert P. SCHNEIDER, Sr., et al., Appellees.

Court of Appeals of Kentucky.

Feb. 9, 1962.

**28** 

Herbert C. Howard, James H. Frazee, Louisville, for appellants.

Thomas L. Ray, Louisville, for appellees.

BIRD, Judge.

Charles E. McDonogh drove his father's car south on Third Street in the City of Louisville, Kentucky. Robert P. Schneider, Jr., drove his car north on the same street at the same time. The two cars collided as McDonogh undertook to turn left at an intersection into the University of Louisville.

The McDonoghs, father and son, sued the Schneiders, father and son, for damages and charged that young Schneider was guilty of negligence in the operation of his car and thereby caused the collision and resulting damages. The Schneiders, father and son, answered, denied the charges of negligence and charged that the negligent driving of young McDonogh caused the collision and resulting damages. The younger Schneider filed a counterclaim against the McDonoghs, father and son, seeking to recover damages to his automobile.

The case went to trial before a jury on March 15, 1959. After the McDonoghs had closed in chief and after Robert P. Schneider, Jr., had been examined on the defendants' side, the court on his own motion dismissed the jury and continued the case.

The Schneiders, father and son, then filed a motion for summary judgment under Chapter 56 of the Rules of Civil Procedure and with that motion they filed a transcript of the testimony taken on the trial by jury.

The trial court sustained the motion in part and dismissed the McDonoghs' actions against the Schneiders.

The counterclaim of young Schneider was then tried and submitted to a jury who found for Schneider in the sum of $676.71. Judgment was entered in conformity with the verdict. The McDonoghs appeal from both judgments.

█ On appeal it is contended that KRS 29.306 requires a de novo trial when the jury has been discharged without making a verdict and that the trial court erred in disposing of the case by summary judgment. On this point we need only to say that KRS 29.306 is not in conflict with the operation of rules pertaining to summary judgment in Chapter 56 of the Rules of Civil Procedure.

█ Appellant does not show or undertake to show a "genuine issue as to any material fact," which might render the summary judgment erroneous and our examination of the record discloses none. Under these conditions we must conclude that the trial judge's disposition of the case by summary judgment was proper.

Appellants say generally that the issues should have been submitted to the jury under instructions approved in Walton v. Grant, 302 Ky. 194, 194 S.W.2d 366. The holding in that case and the instruction upon which appellants rely has been specifically condemned in Rankin v. Green, Ky., 346 S.W.2d 477.

Nothing is said about the judgment on the counterclaim. We assume therefore that appellants are not complaining about it.

Finding no error in either of the judgments they are affirmed.