TRAVELERS INDEMNITY COMPANY,
Appellant,

v.

Doke PATRICK, Appellee.

Court of Appeals of Kentucky.

Oct. 16, 1964.

Rehearing Denied Feb. 19, 1965.

W. A. Johnson, Paintsville, for appellant.

G. C. Perry, III, W. B. Hazelrigg, Paintsville, for appellee.

MONTGOMERY, Judge.

Travelers Indemnity Company appeals from a judgment in the sum of $5,000 in favor of Doke Patrick. In an earlier action appellee had recovered judgments of $5,000 each against Roy Daniel, Tom Roy Daniel, and Dean Preston. The judgment was reversed as to Roy Daniel, appellant's insured. Daniel v. Patrick, Ky., 333 S.W. 2d 504.

According to the facts stated therein, appellee was injured by being run over by Tom Roy Daniel, who was on a motorcycle, and by Dean Preston, who was driving Roy Daniel's car. The judgment was reversed as to Roy Daniel because there was no liability shown under the family purpose doctrine. Subsequently, appellee sued appellant on the theory that Roy Daniel's car was being operated with his permission. Liability was alleged under a provision of the insurance policy as follows:

"III. Definition of Insured.
"(a) With respect to the insurance for bodily injury liability * * * the unqualified word 'insured' includes * * * any person while using the automobile * * * provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. * * *."

The case is here on a partial record. CR 75.01. Appellant's statement of points under CR 75.04 is as follows:

"1. The insured, Roy Daniel, of Travelers Indemnity Company, having been exonerated from all negligence and liability for the injuries caused to plaintiff, Doke Patrick, there is no legal liability on the part of Travelers Indemnity Company to Doke Patrick under the omnibus clause of the insurance policy issued on insured's vehicle.

"2. The claim sued on is res adjudicata."

The pertinent portions of the record designated by appellant were complaint, answer, insurance policy exhibit, opinion in Daniel v. Patrick, findings and conclusions of trial judge, and judgment. No counter-designation was made. The record in Daniel v. Patrick apparently was never made a part of the trial record in this action.

The findings of fact and conclusions of law contain a recitation of facts other than those admitted or contained in the opinion in Daniel v. Patrick. On this appeal appellant argues that the use of evidence on the former trial was unwarranted and that the evidence used is insufficient to support a finding of permissive use of the car.

Appellee argues that: (1) Arguments made in brief and not included in statement of points pursuant to CR 75.04 should not be considered; (2) arguments included in statement of points but not argued in appellant's brief should not be considered; and (3) the judgment is presumed to be supported by the evidence when the evidence is not made a part of the record on appeal. Appellee moved to dismiss the appeal.

■ The procedure allowing an appeal on a partial record is authorized by CR 75. It is beneficial to litigants, counsel, and court. It is designed to present the points on which appellant relies for reversal. Only such matters as are essential to the questions presented by the appeal should be in-cluded in the record. CR 75.05; Clay, CR 75.01, Comment 3.

■ In the consideration of a case appealed on a partial record, no point will be considered that was not included in the statement of points "on which he (appellant) intends to rely on the appeal." CR 75.04; Dunson v. Swiggum, Ky., 280 S.W. 2d 510; Ritchie v. Drier, 83 U.S.App. D.C. 16, 165 F.2d 238. See also RCA 1.210(a) (2). Here, appellant's brief is devoted to argument concerning the evidence, which contentions are not included in the statement of points. No argument is made on appeal concerning the two points set out in the statement. Failure to argue such points on appeal is considered a waiver and they will not be considered. Craft v. Hall, Ky., 275 S.W.2d 410; Herrick v. Wills, Ky., 333 S.W.2d 275.

■ The two points argued concerning the use of evidence from the former trial and its sufficiency cannot be considered since they were not designated in the statement of points. In the absence of the evidence in the record, it is presumed that the judgment was supported by the evidence. Marcum v. Brock, Ky., 257 S.W.2d 55; Willis v. Davis, Ky., 323 S.W.2d 847; Crowe v. Taulbee, Ky., 350 S.W.2d 620.

■ Since neither of the points urged in appellant's brief was included in its statement of points, and since both points made in brief turn on the evidence which was omitted from the record on appeal, no issues are presented by this appeal and it should be dismissed. City of Jackson v. Jackson Waterworks, 297 Ky. 616, 180 S.W.2d 555; Klocke v. Vaughn, Ky., 291 S.W.2d 22. Failure to comply with CR 75 is a proper basis for dismissal of the appeal. Clay, CR 75.04, Comment 3. The motion to dismiss the appeal is sustained.

Appeal dismissed.