## Partin's Administrator v. Black Mountain Corporation.

(Decided December 9, 1930.)

G. G. RAWLINGS for appellant.

B. M. LEE for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

S. T. Partin worked for appellee in mine No. 30. He had signed the compensation register, and both he and the employer were under the provisions of the Workmen's Compensation Law. About the middle of July 1928, he quit work for appellee, turned in his cards, received his pay, and his employment was finally terminated. A few days later he went to mine No. 31 operated by appellee for the purpose of obtaining work. This mine was more than one mile and less than two miles distant from mine No. 30. In his effort to see the mine boss about employment it was necessary for him to go into the mine, or at least he did so, and, while standing in the mine near the track on which coal cars ran, he concluded that he would cross the track to a more favorable position, and as he attempted to cross the track he was struck by a coal car and died as the result of his injury. He left a widow and five children. They filed a claim for compensation with the Workmen's Compensation Board, apparently going upon the idea that Partin had come to his death while engaged in duties pertaining to his employment by appellee, and that they were both, that is Partin

and appellee, operating under the Workmens' Compensation Law.

The Workmen's Compensation Board heard the evidence and reached the conclusion that at the time of the injury Partin was not engaged in the discharge of any duties as an employee of appellee. The board found that the accident did not arise out of, and was not in the course of, his employment. Consequently, an award in favor of the widow and children was denied.

After the conclusion of the hearing before the Workmen's Compensation Board an administrator was appointed for the estate of Partin, and he instituted a common-law action in the Harlan circuit court seeking to recover damages for the death of his intestate. An answer was filed containing a traverse, and, in a second paragraph, it was alleged that, as the dependents of Partin had sought relief before the Workmen's Compensation Board, the right of the administrator to maintain the common-law action was barred. Appellant filed a reply alleging that the proceedings before the Workmen's Compensation Board were not a final adjudication of the matter because the board had no jurisdiction to hear and determine matters presented in the claim. A demurrer was sustained to this pleading, and appellant declined to plead further, whereupon, the cause was submitted on the pleadings, and the court dismissed the petition.

The briefs filed by the parties make an issue over the effect of the hearing before the Workmen's Compensation Board. It is contended by counsel for appellee that appellant is forever barred by reason of the hearing before the board, and that, as no appeal was taken from the judgment of the board, a common-law action cannot be maintained. On the other hand, counsel for appellant, without seriously disputing with counsel for appellee takes the position that the Workmen's Compensation Board was wholly without jurisdiction to hear or determine the matter, and that its findings are therefore void.

If Partin was under the Workmen's Compensation Law (Ky. Stats., secs. 4880-4987) at the time of the accident, the argument advanced by counsel for appellee is entirely sound. When an employee and employer have accepted the provisions of the Workmen's Compensation Law, and the employee receives an injury, he must prose-

cute his claim, with certain exceptions, before the Workmen's Compensation Board, and he cannot institute an action at law to recover damages for his injury. Wells Elkhorn Coal Co. v. Vanhoose, 220 Ky. 381, 295 S. W. 464.

This case, however, does not fall under the authority of that case. In that case both parties were operating under the provisions of the law, but in this case it is the contention of appellant that Partin was not under the law when he received his injury because he had ceased to work for the company and had not been re-employed by it.

In the case of Louisville Woolen Mills v. Kindgen, 191 Ky. 568, 231 S. W. 202, this court held that, where an infant had been employed in willful and known violation of the law, he was not precluded from prosecuting a common-law action to recover for his injuries, because the infant, by his guardian, appeared before the Workmen's Compensation Board in response to a motion by the employer, although he introduced his testimony before the board after his plea to the jurisdiction had been overruled.

In the case of Kingston Coal Mining Co. v. Danberry, 228 Ky. 344, 14 S. W. (2d) 1084, 1085, it was held that, under the provisions of section 4882, Ky. Stats., the Workmen's Compensation Board was without jurisdiction to hear the claim of an employee for compensation for injuries where the employee had never signed any notice, as required by section 4957, Ky. Stats., of his election to come under the act. In that case the injured employee filed with the board a claim for compensation on account of an injury arising out of, and in the course of, his employment. On the hearing before the board the claim was dismissed on the ground that there was no evidence to show that the employee had accepted the provisions of the act. He prosecuted an appeal from the order of the board to the circuit court, and that court adjudged that the order of the board be set aside, and that the case be remanded to it for an award to the employee. An appeal was prosecuted to this court from that judgment. This court said:

"Under the evidence in this case, appellee never signed any such notice. Consequently, there was no election upon his part to accept the provisions of

act; and in the absence of any proof to indicate such an election, the Board had no jurisdiction of his claim and its dismissal was proper."

It is made to appear by the evidence in the case before us that Partin had entirely severed his connections with the employer, and he had not been re-employed. The cases that deal with working at intervals where the employee ceases to work, and is later re-employed after having first signed the compensation register, have no application to the facts in this case. Partin had quit work and had gone to a new mine to seek employment there. He stood in the same relationship to the employer as a stranger. It follows that the board had no jurisdiction.

But it is argued by counsel for appellee that, at the beginning of the hearing before the Workmen's Compensation Board, it was stipulated by the parties that the employer and the employee were operating under the Workmen's Compensation Law. This is shown by the record. The stipulation that Partin was working under the provisions of the act did not give the board jurisdiction if, in fact, the stipulation was untrue. Jurisdiction cannot be conferred by the agreement of parties. This is not a case where there had been some effort on the part of the employee to come under the act, or where, by consent of the employer, he signed the compensation register after the injury. The employee, as is shown by the evidence before the board, was not under the act, and nobody claimed that he was. It was probably true that both parties at the time of the stipulation thought that he was under the provisions of the act, but it developed that he was not, and the board should have dismissed the claim for want of jurisdiction, but instead it heard the claim on the merits and reached the conclusion that the accident did not arise out of, or in the course of, Partin's employment. That was necessarily true because he was not employed at all. His dependents had no right to seek compensation before the board, and for that reason the provisions of section 4882, Ky. Stats., have no application. The provisions in that section relate to persons operating under the provisions of the act, and not to a stranger to the act.

As the Workmen's Compensation Board was without jurisdiction, the order entered by it was a nullity,

560

and the trial court should have overruled the demurrer to the reply, and the case should have been tried on its merits.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.