## Partin's Administrator v. Black Mountain Corporation.

(Decided March 7, 1933.)

**33**

G. G. RAWLINGS for appellant.

B. M. LEE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN
—Reversing.

This is the third appeal of this case. The opinions on the two former appeals may be found in 237 Ky. 556, 36 S. W. (2d) 1, and 243 Ky. 791, 49 S. W. (2d) 1014. It is a suit brought by the administrator of S. T. Partin, deceased, for damages on account of the death of Partin, occasioned by his being crushed in the mine of the appellee by a cut of runaway mine cars. On the trial of this case, from which the second appeal was taken, the facts were developed by the evidence adduced on both sides. On that trial, the administrator of Partin, after introducing testimony tending to show that Partin at the time of the fatal accident was an invitee in appellee's mine, and had been killed by a cut of runaway mine cars which had broken loose from a train of loaded mine cars which were being taken out of the mine, rested his case, relying on the doctrine of res ipsa loquitur. His right to do so being challenged by his opponent's motion for a peremptory instruction, we held on the appeal from the judgment he secured on that trial that the trial court did not err in overruling the motion for a peremptory instruction made at the close of the plaintiff's introduction of testimony. The defendant on that trial, however, did not rest on its challenge to the sufficiency of the plaintiff's evidence to carry his case to the jury, but introduced its evidence, which, in the opinion of this court, on the appeal from the judgment which went against the defendant, overcame the presumption in favor of the plaintiff raised under the doctrine of res ipsa loquitur. We held that, this presumption having been thus overcome, the trial court should have peremptorily instructed the jury to find for the defendant at the

close of the whole case. Because the lower court failed to do so, the judgment was reversed; other errors committed by the trial court on that trial also being pointed out. On the return of the case to the trial court, it was again tried. Again did the administrator of Partin introduce evidence tending to show that Partin at the time of his death was an invitee in the mine of the appellee, and that he had been killed by a cut of runaway mine cars. But he further produced evidence to the effect that, immediately after Partin had been crushed by the runaway mine cars, the witness examined the coupling link on the mine car nearest the entry of the mine whence these runaway cars had come, and found that this link was an inch and a quarter to an inch and a half in thickness, had been worn down about a quarter of an inch, and was broken in two. The administrator then rested his case. Thereupon, on motion of the appellee, the court peremptorily instructed the jury to find for the appellee, which it did. This appeal results.

It will be noted that the only difference between the evidence for the Partin estate on this last trial and that of the estate on the trial from which the second appeal resulted was the evidence as to the condition of the coupling link immediately after the accident. But for this additional evidence, it is plain, that under the law of the case as laid down in the opinion on the second appeal, the Partin estate would at least, in the absence of the evidence of the appellee, have been entitled to go to the jury. So the question we have for determination is whether or not the additional evidence as to the condition of the coupling link immediately after the accident justified the trial court in peremptorily instructing the jury to find for the appellee. The latter insists that the trial court was so justified because of the rule that the principle of res ipsa loquitur does not apply or at least the presumption raised by its application is overcome, where the plaintiff has full knowledge and testifies as to the specific act of negligence, which is the cause of the injury complained of, or where there is direct evidence as to the precise cause of the accident and all the facts and circumstances attendant upon the occurrence clearly appear. See 45 C. J. 1206. Although this is the rule, yet it is also the rule that a plaintiff is not deprived of the benefit of the doctrine from mere introduction of evidence which does not clearly estab-

lish the facts or leaves the matter doubtful. As stated in 45 C. J. 1207:

"If the case is a proper one for the application of the doctrine (res ipsa loquitur) and the pleading is such that it may be invoked, an unsuccessful attempt on the part of the plaintiff to show the specific negligent act which caused his injury does not weaken or displace the presumption of negligence on the part of defendant arising from the facts of the case by virtue of the rule of res ipsa loquitur."

Thus in the case of Dearden v. San Pedro, etc., R. Co., 33 Utah, 147, 93 P. 271, a passenger was injured in a collision. In addition to relying upon the principle of res ipsa loquitur, the passenger averred and undertook to show a defective brake chain as evidence of negligence causing the collision. The Utah court held that, by undertaking to show such defective brake chain, the plaintiff did not waive the right to rely on the doctrine of res ipsa loquitur. See also Washington-Virginia R. Co. v. Bouknight, 113 Va. 696, 75 S. E. 1032 Ann. Cas. 1913E, 546. In the case of Cassady v. Old Colony St. R. Co., 184 Mass. 156, 68 N. E. 10, 12, 63 L. R. A. 285, in speaking to this point, the court said:

"The defendant also contends that, even if originally the doctrine [res ipsa loquitur] would have been applicable, the plaintiff had lost or waived her rights under that doctrine, because, instead of resting her case solely upon it, she undertook to go further, and show particularly the cause of the accident. This position is not tenable. It is true that, where the evidence shows the precise cause of the accident, * * * there is, of course no room for the application of the doctrine of presumption. The real cause being shown, there is no occasion to inquire as to what the presumption would have been as to it if it had not been shown. But if, at the close of the evidence, the cause does not clearly appear, or if there is a dispute as to what it is, then it is open to the plaintiff to argue upon the whole evidence, and the jury are justified in relying upon presumptions, unless they are satisfied that the cause has been shown to be inconsistent with it. An unsuccessful attempt to prove by direct evidence the precise cause does not

estop the plaintiff from relying upon the presumptions applicable to it.''

To the same effect is the case of Kleinman v. Banner Laundry Co., 150 Minn. 515, 186 N. W. 123, 23 A. L. R. 479. Applying these principles to the case at bar, we are of opinion that the additional evidence introduced on the last trial as to the worn and broken link did not so clearly establish the cause of the accident as to preclude the administrator of Partin from relying on the doctrine of res ipsa loquitur, as we said in the opinion on the second appeal of this case he had a right to do. The worn link was not worn to such an extent as to indicate clearly that the wear on that link was the cause of the break. Of course, it was obvious even on the trial from which the second appeal was taken that the cause of the runaway of the mine cars was the uncoupling of them from the rest of the cars to which they were attached. Even then, the probabilities were greatly to the effect that the cause of the uncoupling was a break in a coupling link or pin. The additional evidence adduced on the last trial went no further than to show that the coupling link was broken and worn to a slight extent. But the hurried and cursory examination made at the time of the accident by the witness who so testified for the Partin estate would hardly have disclosed the cause of the breaking of that coupling pin. Indeed, the witness did not undertake to testify to any facts tending to establish the cause of the break except the slight wear on the link. The cause of the break might have been an excessive load on the link or an unnecessary jerk or some other cause of which the appellee had knowledge to the exclusion of the appellant. We are still left in doubt even with this additional evidence as to what caused this link to break. This being true, the case falls within the rule quoted from Corpus Juris and especially as laid down in the Cassady Case, supra. The appellant, despite the introduction of the evidence as to the worn and broken condition of the link, was still entitled to the benefit of the presumption raised by the principle of res ipsa loquitur, which, being true the lower court erred in sustaining the motion for a peremptory instruction made at the close of the appellant's case.

The judgment is reversed, with instructions to grant the appellant a new trial in conformity with this opinion.