## Partin's Adm'r v. Black Mountain Corporation.

(Decided Dec. 15, 1933.)

G. G. RAWLINGS for appellant.
B. M. LEE for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER--
Reversing:

This is the fourth time this case has been here on appeal. The opinions on former appeals will be found in 237 Ky. 556, 36 S. W. (2d) 1, 243 Ky. 791, 49 S. W. (2d) 1014, and 248 Ky. 32, 58 S. W. (2d) 234.

At the close of the evidence on the last trial, the court gave the only instruction offered by plaintiff and two of the four instructions offered by defendant and no complaint is made of the instructions given. However, no instruction was given on the measure of damage and nothing to guide the jury as to the amount that might be found for defendant. After the case had been submitted to the jury but before a verdict had been agreed upon, counsel for plaintiff discovered this omission in the instructions and moved the court to recall the jury and to submit a proper instruction on the measure of damage and the amount that might be found for plaintiff in the event the jury found for him, but the court overruled the motion and refused to give the additional instruction.

The jury returned a verdict finding for plaintiff without fixing any sum in damages. Thereupon the court adjudged that plaintiff recover his costs and nothing more and he is appealing.

A number of affidavits are found in the record concerning what transpired and what was said by the trial judge to the jury when they made inquiry as to the

amount their finding for plaintiff might be, but it is unnecessary to consider the matters set out in the affidavits since it is shown by order of the court that while the jury was considering the case, appellant made the motion for the proper instruction on the measure of damage, etc., but this was refused by the court.

Appellant was entitled to have this cause submitted to the jury under proper instructions, and, notwithstanding the fact that the only instruction offered by his counsel at the close of the evidence was given and by oversight he omitted to include anything as to the measure of damage or the sum that might be found for his client, it was, in the circumstances, error for the court to refuse to give the instruction when requested to do so after the omission was discovered.

For the reasons indicated, the judgment is reversed and cause remanded for a new trial and proceedings consistent with this opinion.