EASTERN COAL CORPORATION, Appellant,

v.

Henry MORRIS et al., etc., Appellees.

Court of Appeals of Kentucky.

Feb. 24, 1956.

visions of the Compensation Act, with respect to silicosis, until after Morris terminated his employment with the Corporation. Both parties agree that the Act is elective and neither the employer nor the employee is covered until both voluntarily accept the Act. Morris urges, however, that the appellant is estopped to attack jurisdiction after defending the case on its merits, and relies upon the following stipulation of the parties:

"Both plaintiff and defendant were operating under the provisions of the Workmen's Compensation Law of Kentucky as respects claims for silicosis."

Morris argues that, since jurisdiction of this general class of cases is conferred by statute, jurisdiction in the particular case is obtained by securing jurisdiction of the person.

While jurisdiction of the person is undisputed in this case, that fact does not remove the necessity that jurisdiction of the subject matter must be had also. Since the provisions of the Act with respect to silicosis are elective, no jurisdiction of the subject matter existed if the parties had not elected to come under it. Hence, the question is simply whether a party can contradict the stipulated statements when the latter relate to jurisdiction of the subject matter.

The identical question was raised in Partin's Adm'r v. Black Mountain Corporation, 237 Ky. 556, 36 S.W.2d 1, 2. In that case, as herein, the stipulation that the parties were operating under the Workmen's Compensation Act was alleged to be untrue. In disposing of the question, we said:

"* * * The stipulation that Partin was working under the provisions of the act did not give the board jurisdiction if, in fact, the stipulation was untrue. Jurisdiction cannot be conferred by the agreement of parties. * * *"

Hence, we recognized that stipulations pertaining to jurisdictional facts do not bind the courts or the parties. Therefore, proof

Baird & Hays, William J. Baird, Pikeville, for appellant.

Lay & Knuckles, Pineville, M. E. Boiarsky, R. L. Theibert, Charleston, W. Va., for appellees.

CAMMACK, Judge.

This is an appeal from a judgment affirming an award of the Workmen's Compensation Board to Henry Morris for permanent total disability caused by the disease of silicosis.

The appellant, Eastern Coal Corporation, contends that the entire proceeding is void for want of jurisdiction over the subject matter, because it had not accepted the pro-

that the stipulated statements are incorrect can be introduced to attack jurisdiction of the subject matter, since the latter cannot be waived. We have found no elements of estoppel which would preclude the introduction of such proof by the appellant in this case.

The judgment is reversed for proceedings consistent with this opinion.