# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: JUNE 11, 2015
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2014-SC-000569-WC

BILL HUNTSMAN SR. D/B/A HUNTSMAN &amp;            APPELLANT
SONS PAINTING

ON APPEAL FROM COURT OF APPEALS
V.                 CASE NO. 2012-CA-001879-WC
WORKERS' COMPENSATION BOARD NO. 09-WC-01334

JOE MANNING; UNINSURED EMPLOYERS'              APPELLEES
FUND; HONORABLE CHRIS DAVIS,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

## I.       INTRODUCTION

Appellee, Joe Manning ("Manning"), worked for Appellant, Bill Huntsman d/b/a Huntsman &amp; Sons Painting ("Huntsman") as a painter. On June 9, 2009, Manning was injured while working at Huntsman's residence, removing brush/storm debris. Huntsman did not have workers' compensation insurance on the subject injury date. Manning subsequently filed an Application for Resolution of Claim ("Form 101") with the Department of Workers' Claims ("DWC") alleging that he was injured in the course of his employment with Huntsman. Huntsman failed to timely file a Notice of Claim Denial or Acceptance ("Form 111"); consequently, the allegations of Manning's

Form 101 were deemed admitted.[1] After Appellee, Uninsured Employer's Fund ("UEF"), settled with Manning and the ALJ approved the settlement, Huntsman moved to reopen on grounds of fraud. The ALJ reopened and abated the settlement, passing final resolution to the merits. After the taking of proof and a formal hearing, the ALJ concluded that there was no fraud, and that the settlement between Manning and UEF was valid and enforceable. Huntsman appealed. The Board dismissed the appeal as interlocutory, because the ALJ had not yet resolved Manning's claim against Huntsman. On remand, the ALJ entered an award in Manning's favor. Huntsman appealed. UEF did not. The Board and the Court of Appeals affirmed. On appeal to this Court, Huntsman argues that the DWC lacked subject matter jurisdiction and that the settlement should be set aside on the basis of fraud. Finding no error, we affirm.

### A. Proceedings before the ALJ and Appeals to the Board

On November 23, 2009, Manning filed a Form 101 alleging that he was injured on June 10, 2009, in the course and scope of his employment. Manning named Huntsman & Sons Painting[2] and UEF as Defendants. On

---

[1] 803 KAR 25:010 §5(2) provides in relevant part:

(a) The defendant shall file a Notice of Claim Denial or Acceptance on a Form 111 within forty-five (45) days after the notice of the scheduling order ....

(b) If a Form 111 is not filed, all allegations of the application shall be deemed admitted.

[2] On February 8, 2010, UEF filed a "Motion to Amend Name of Defendant-Employer/ Motion to Certify Coverage," after their (UEF's) investigation determined the business was a sole proprietorship. By Order of March 3, 2010, the ALJ amended the name of the Defendant-Employer to Bill Huntsman d/b/a Huntsman & Sons Painting. On March 23, 2010, the DWC certified that Bill Huntsman did not have workers' compensation coverage on the alleged injury date.

November 25, 2009, the DWC certified that Huntsman & Sons Painting did not have workers' compensation insurance on the alleged injury date.

The DWC investigated. The investigative report reflects that Huntsman's business address was a residence. In a December 10, 2009, telephone conversation,[3] Mr. Huntsman told the enforcement officer he had no employees, and that Manning was an independent contractor (for the painting business). Mr. Huntsman explained he was on vacation at the time of the subject injury. Mr. Huntsman related that he had told Manning if he wanted to earn some money, he could remove tree debris at his property. Manning fell from a ladder while clearing up the property. On December 11, 2009, Mr. Huntsman met with the enforcement officer in her office.[4]

On December 15, 2009, the DWC issued a scheduling order assigning the claim to ALJ Davis and setting a Benefit Review Conference ("BRC") for April 13, 2010. The order states that defendants have 45 days to file "a notice of claim denial or acceptance (Form 111). If none is filed all allegations of the application shall be deemed admitted." Huntsman did not timely file a Form 111.[5]

---

[3] Before that, Mr. Huntsman had spoken with Roger Swift at the UEF.

[4] At hearing, Mr. Huntsman testified that he met with the enforcement officer, Billie Buckley, who told him his business was officially closed down. "That I could work but nobody else could work, but – that if she caught me working anyone or whatever that there would be a large fine put on me." According to Mr. Huntsman, he subsequently "got insurance and then brought the thing back to her and she said you're free to work."

[5] Mr. Huntsman testified that he received the scheduling order. The 45 days expired on January 29, 2010.

UEF settled with Manning. On April 28, 2010, ALJ Davis approved the settlement ("Form 110").

On May 5, 2010, attorney Jack Richardson, IV, filed an entry of appearance on behalf of Mr. Bill Huntsman d/b/a Huntsman & Sons Painting. On May 11, 2010, Huntsman filed a "Petition for Reconsideration of and/or Setting Aside of Settlement and Order" which the ALJ denied by Order of May 28, 2010.

On June 14, 2010, Huntsman filed a Motion to reopen pursuant to KRS 342.125 on grounds of fraud, because Manning was "claiming a work injury against a party for whom he was not working ... [and that he was not] in the course of employment at the time of the alleged injury...." Huntsman asserted Manning was engaged in domestic work exempt under KRS 342.650[6] and that the "Board [sic] is without jurisdiction to approve a settlement for injury of a domestic worker." Huntsman also alleged that the average weekly wage was false. By Order of July 6, 2010, the ALJ reopened the matter, abated the settlement and allotted proof time, passing final resolution of Huntsman's motion to the merits.

Mr. Huntsman testified by deposition and at the hearing. He testified that he had received the December 15, 2009 scheduling order. He explained

---

[6] KRS 342.650 provides in relevant part:
The following employees are exempt from the coverage of this chapter:
(1) Any person employed as a domestic servant in a private home by an employer who has less than two (2) employees each regularly employed forty (40) or more hours a week in domestic servant employment.

4

the address for his residence and business are the same. Mr. Huntsman also testified that he had asked Manning to pull tree limbs down to the drive so they could be collected by Metro Louisville's deadline for picking up storm damage debris. Mr. Huntsman explained that it helped him out, otherwise he would have had to do it himself which would have taken up his vacation.

In an Opinion, Award & Order rendered August 12, 2011, the ALJ provided a detailed summary of the evidence and determined that:

> Bill Huntsman, as the employer, was fully aware of the pending nature of this claim, and had received numerous communications from the Plaintiff's attorney and the UEF prior to the settlement agreement and that he was never, at any time, refused his right to be heard nor was he discouraged or effectively silenced in his pursuit of his right to be heard. Rather, Bill Huntsman, willfully or through his own neglect did not seek to become an effective party to this claim and have the settlement agreement set aside until he became aware that he might not be able to avoid some liability for this claim.

The ALJ noted that the defenses of independent contractor and employment relationship are commonplace, and that Huntsman had waived those defenses by failing to timely file a Form 111 within 45 days of the scheduling order, KRS 342.270(2).[7] Citing *Gray v. Trimmaster*, 173 S.W.3d 236 (Ky. 2005), the ALJ explained that the only exception to the 45-day rule is good cause which Huntsman had failed to demonstrate. The ALJ determined that no

---

[7] KRS 342.270(2) provides in relevant part: "Within forty-five (45) days of the date of issuance of the notice required by this section, the employer or carrier shall file notice of claim denial or acceptance, setting forth specifically those material matters which are admitted, those which are denied, and the basis of any denial of the claim."

5

fraud was committed. The ALJ noted that one of the few things upon which the parties could agree was that at the time of the injury, Manning was working for Huntsman. The ALJ did not believe Manning was aware of the distinction in his status as a painter versus a brush remover, noting Manning's testimony that he simply knew he was working for Huntsman, which in the lay sense was correct. The ALJ dismissed Huntsman's motion to reopen for fraud and held that the April 28, 2010 settlement agreement was valid and enforceable.

Huntsman appealed to the Workers' Compensation Board ("Board"). By Opinion and Order rendered December 28, 2011, the Board dismissed Huntsman's appeal. The Board concluded that the ALJ's decision was interlocutory, because it only "found the settlement agreement to be valid and enforceable. The ALJ has yet to resolve Manning's claim against Huntsman."

The Board explained that "[i]n resolving Manning's claim against Huntsman, the ALJ is not bound by the settlement ... between the UEF and Manning." The Board noted KRS 342.125(7) which provides "no statement contained in the agreement, whether as to jurisdiction, liability of the employer, nature and extent of disability, or as to any other matter, shall be considered by the [ALJ] as an admission against the interests of any party." The Board instructed the ALJ to enter a "separate opinion ruling on the merits of Manning's claim against Huntsman. If the ALJ enters an award in favor of Manning, ... [he] must grant the UEF a right of recovery to the extent of its payment of income benefits and medical benefits awarded by the ALJ."

On May 9, 2012, the ALJ rendered an Opinion, Award and Order on remand. The ALJ explained that in the original Opinion he found that no fraud had occurred, that the Form 111 was not timely filed, and that the settlement between Manning and UEF was valid and enforceable; therefore, the only remaining issue was extent and duration of disability. The ALJ noted Dr. Bilkey's uncontroverted opinion; further, that Huntsman had sent Manning to Dr. Gleis for an IME, but had not filed his report. The ALJ did not believe Mr. Huntsman's (or his son's) testimony:

> [They] would have the undersigned and potential appellate bodies believe that they, and only they, have ever told anything resembling the truth and that they were not provided notice of the claim nor given a chance to defend against it until it was too late. This position can only be maintained if the UEF investigator, the UEF attorneys, and the ALJ are all liars. I believe they have done all of this not only with a premeditated eye toward ... defeating this claim but, more importantly, ... to extending this claim so as to position themselves to avoid any direct liability for it.

The ALJ awarded Manning permanent total disability ("PTD") benefits at the rate of $426.67 per week based upon an average weekly wage ("AWW") of $640.00 and medicals. The award reflects that the UEF's liability "shall be fully discharged when the sums agreed upon in the Form 110 ... are paid[,]" even if Huntsman fails to pay any additional sums as awarded in the ALJ's Opinion. "[T]he UEF retains any and all rights to recovery, from Bill Huntsman, for sums paid to [Manning] now or in the future."

Manning filed a petition for reconsideration to clarify the award of medicals. Huntsman also filed a petition, asserting, *inter alia,* that the ALJ

erred in calculating the AWW. By Order of May 29, 2012, the ALJ granted Manning's Petition; by Order of June 4, 2012, the ALJ denied Huntsman's petition. Huntsman appealed to the Board which affirmed by Opinion rendered September, 28, 2012:

> Huntsman's assertions that the ALJ somehow misconstrued both the law and the facts presented are simply untrue. The ALJ found Manning committed no fraud, as was his prerogative, and believed Manning's version of the facts ... was more accurate than the version presented by the Huntsmans. ... [S]ubstantial evidence exists to support the ALJ's determination Manning did not engage in fraudulent activity.

The Board explained that:

> Huntsman made no attempt to file a Form 111 until ... long after the time provided by statute, regulation, and scheduling order. .... On appeal, Huntsman argues it was deprived of due process. Since it failed to avail itself to the procedures set forth above, we find Huntsman was deprived of neither substantive nor procedural due process.
>
> ...
>
> Huntsman argues the ALJ impermissibly exercised jurisdiction over this claim, and it can raise such issue at any time. Manning filed a Form 101 alleging a work-related injury, and this filing brings the claim under the purview of the Department of Workers' Clams and confers jurisdiction upon the ALJ to decide all matters. Huntsman could have timely raised issues of work-relatedness, jurisdiction, and KRS 342.650 before the ALJ, but failed to do so. Even then, a mere allegation or assertion of a defense does not equate to a finding. ...
>
> Huntsman's arguments pertaining to the UEF's settlement of the claim are groundless and without merit.

8

## B. Appeal to the Court of Appeals

On October 29, 2012, Huntsman filed a Petition for Review in the Court of Appeals which affirmed by Opinion rendered August 22, 2014:

> As Huntsman correctly notes, defects in subject matter jurisdiction may be raised by the parties or the court at any time and cannot be waived. *Commonwealth Health Corp. v. Croslin,* 920 S.W.2d 46, 47 (Ky.1996). However, while Huntsman may raise subject matter jurisdiction, there are no facts to substantiate his argument. By failing to timely submit a Form 111, Huntsman admitted the facts in Manning's Application .... [that he] sustained a work-related injury to his right foot during the course of his employment. ...
>
> Relying on *Partin's Adm'r v. Black Mountain Corp.,* 36 S.W.2d 1 (Ky.1930), and *Eastern Coal Corp. v. Morris,* 287 S.W.2d 603 (Ky.1956), Huntsman argues parties cannot stipulate jurisdiction. These cases, however, can be distinguished from the instant matter.[8] The parties in *Partin's Adm'r* and *Eastern Coal* stipulated they were operating under the provisions of the Act. In both cases, ... the facts revealed the Department did not have subject matter jurisdiction. Therefore, the Court held the stipulation ... was not binding.
>
> Lastly, Huntsman argues Manning procured the settlement agreement by fraud by misrepresenting his average weekly wage (AWW). As a result, Huntsman alleges the UEF has no right to recover from him. We disagree.

---

8 Those cases were decided under a different statutory scheme. The prior statute required the employer and the employee to have affirmatively accepted the provisions of the (then) workmen's compensation law. In those cases, the parties' stipulations could not confer jurisdiction, because it never existed in the first place due to an absence of acceptance of the Act. By contrast, under the current statutory scheme, "[a] worker who does not affirmatively reject coverage under Chapter 342 is deemed to have accepted it. KRS 342.395." *Adkins v. R & S Body Co.,* 58 S.W.3d 428, 430 (Ky. 2001).

Manning accurately identified his pay rate as $16.00 per hour on his Application. The UEF conducted a thorough investigation, including interviewing witnesses, prior to entering into the settlement agreement. The agreed settlement amount was not based on a particular AWW, but rather, was the product of negotiation between Manning and the UEF. Huntsman's claim that the settlement agreement was fraudulently obtained based on a misrepresentation of Manning's wages is without merit.

For the foregoing reasons, the opinion of the Board is affirmed.

On September 18, 2014, Huntsman filed a Notice of Appeal to this Court.

## II. ANALYSIS

Huntsman argues that the DWC lacked subject matter jurisdiction because Manning was either a domestic worker, exempt under KRS 342.650(1), or an independent contractor. "The question of jurisdiction is ordinarily one of law, meaning that the standard of review to be applied is de novo." *Appalachian Regional Healthcare, Inc. v. Coleman*, 239 S.W.3d 49, 53-54 (Ky. 2007)

Huntsman maintains that the Court of Appeals misconstrued the law by equating the failure to file a Form 111 with "a judicial admission that granted the Department of Workers' Claims subject matter jurisdiction." Huntsman misperceives the issue.

*Gordon v. NKC Hospitals, Inc.*, 887 S.W.2d 360 (Ky. 1994), discusses the proper analysis. Gordon worked for Norris, a painting contractor. While working for Norris at NKC's premises, Gordon was injured in a fire. He received workers' compensation benefits from his employer, and filed an action for damages in circuit court against NKC. NKC failed to raise the exclusive remedy

10

provisions of the Workers' Compensation Act as a defense in the trial court. On appeal, NKC argued that the exclusive remedy provision of the Act deprived the trial court of subject matter jurisdiction, despite its failure to timely raise the defense. This Court disagreed:

> This Court's decision in *Duncan v. O'Nan*, Ky., 451 S.W.2d 626 (1970), and cases cited therein, provides a proper analysis of subject matter jurisdiction under Kentucky law. Among the stated principles are that subject matter jurisdiction cannot be created by waiver or conferred by agreement; and that in general, "subject matter" does not mean "this case," but "this kind of case." *Duncan v. O'Nan* makes it clear that a court is deprived of subject matter jurisdiction only in cases "where the court has not been given any power to do anything at all." *Id.* at 631. To determine subject matter jurisdiction, the pleadings should be taken at face value and so long as the "kind of case" identified in the pleadings is within the court's jurisdiction, one claiming a legal bar must plead it affirmatively....
>
> Appellee contends, however, that the jurisdiction otherwise possessed by the circuit court was defeated or rendered contingent by the possibility of a defense under the Workers' Compensation Act. ... In our view, this construction of the statute is erroneous for it confuses a defensive plea with want of jurisdiction.
>
> The statutory provisions upon which appellee relies are not self-executing. To have protection of the Act, KRS 342.690 requires an employer to secure payment of compensation as a condition of benefiting from the exclusive liability provision. As the employer has this duty and the statute contemplates the possibility that it may not be fulfilled in which case there is a right to sue (KRS 342.690(2)), ... the employer must inform the court of its status as such and prove its compliance with the statute....
>
> [W]e have no doubt that the matters claimed to protect appellee are affirmative defenses which were

11

required to have been pleaded and proven, the failure of which amounts to a waiver. CR 8.03 and CR 12.02. *Id.*, 361-63.

Huntsman confuses a possible defense under KRS Chapter 342 with lack of jurisdiction. Manning filed a Form 101 alleging that he was injured in the course of his employment.[9] The ALJ had jurisdiction by virtue of KRS 342.325.[10] Huntsman waived any defenses it could have raised by failing to timely file a Form 111. Consequently, the allegations of Manning's Form 101 were deemed admitted pursuant to 803 KAR 25:010 §5(2)(b). "Workers' compensation is a creature of statute, and the remedies and procedures described therein are exclusive." *Williams v. Eastern Coal Corp.*, 952 S.W.2d 696, 698 (Ky. 1997). As the Board noted, Huntsman failed to avail itself of those procedures.

---

[9] Manning notes that he appropriately filed a Form 101 given the precedent in *Com., Office of Jefferson Cnty. Clerk v. Gordon*, 892 S.W.2d 565 (Ky. 1994). We do not disagree. There the claimant was injured while distributing campaign literature after hours at her supervisor's direction. The injury was found to be compensable, having occurred within the scope of employment:

> Larson, *The Law of Workmen's Compensation*, § 27.40, *et. seq.*, ... indicates that ... the apparent authority of a supervisor to direct work activities and to fire subordinate employees puts the supervisor in a position of being able to compel the performance of activities by the subordinate for the supervisor's private benefit. Under such circumstances, benefit to the supervisor is the equivalent of benefit to the employer. Where a worker is injured in the performance of such an activity, the worker is entitled to compensation benefits, regardless of whether the supervisor lacked actual authority to compel the performance. *Id.*, at 657.

[10] KRS 342.325 provides: "All questions arising under this chapter, if not settled by agreement of the parties interested therein, with the approval of the administrative law judge, shall be determined by the administrative law judge except as otherwise provided in this chapter."

12

Huntsman argues that Manning fraudulently procured the settlement by misrepresenting his AWW as $640.00. The Board correctly concluded that substantial evidence exists to support the ALJ's determination Manning did not engage in fraudulent activity. The Court of Appeals found no merit to Huntsman's assertion of fraud based on a misrepresentation of wages with respect to the settlement. Nor do we. We also note that Huntsman has not appealed the ALJ's award of PTD benefits which is based upon an AWW of $640.00. The decision of the Court of Appeals is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Jack Logan Richardson IV
Richardson & Richardson, PSC
10345 Linn Station Rd.
Louisville, KY 40223

Justin Drew Clark
Christopher E. Schaefer
Stoll Keenon Ogden, PLLC
2000 PNC Plaza
500 W. Jefferson St.
Louisville, KY 40202


COUNSEL FOR APPELLEE:

Christopher P. Evensen
6011 Brownsboro Park Blvd., Suite A
Louisville, KY 40207

James Robert Carpenter
Assistant Attorney General
Uninsured Employers' Fund
1024 Capital Center Dr., Ste. 200
Frankfort, KY 40601